## HOPKINS *et al. v.* MARTIN.

1. A testator by his will devised and bequeathed certain portions of his estate to his son as trustee, to be held by him in trust for the sole and separate use of his daughter for life, with remainder to such child or children as the daughter might have living at the time of her death, etc. The trustee having died, another trustee was appointed by a void order in vacation. The trustee as such, in conjunction with the life tenant, undertook to convey to a purchaser certain lands belonging

to the life-tenant and remaindermen, for the purpose of reinvestment. Subsequently a suit was brought by the trustee and life-tenant against the purchaser and the remaindermen (minor children of the life-tenant), to confirm the sale of the land to the purchaser. All the minors were served. A guardian ad litem was appointed for the minors, who appeared in court and filed an answer for them. The court of equity, at a regular term, entertaining jurisdiction of the case, after hearing, entered a decree confirming the sale of the land to the purchaser. The proceeds of the sale of the land were used to build a home on a vacant lot belonging to the life-tenant and remaindermen, and both life-tenant and remaindermen lived upon this lot as a home for a number of years. Subsequently this house and lot was exchanged for another house and lot, upon which the life-tenant and remaindermen lived. After attaining their majority the remaindermen conveyed portions of the last-named lot to certain purchasers. The life-tenant died in 1917. After her death the remaindermen, all of whom were of age, brought suit to recover the first house and lot from the present owner, who had bought it from the original purchaser; the title to which lot had been confirmed by the decree of court above mentioned. *Held,* that the plaintiffs were bound by the decree of the court in 1873, and also by their conduct, from maintaining a suit to recover the land in controversy.

2. The court neither erred in overruling the demurrer to defendant's answer, nor in admitting certain evidence on the trial of the case, nor in directing a verdict for the defendant.

No. 2708. April 14, 1922.

Complaint for land. Before Judge Hammond. Richmond superior court. June 16, 1921.

Martha D. Hopkins, Ella Hopkins, Rebecca H. Jackson, and Edward Hopkins brought a complaint for the possession of a certain tract of land in the City of Augusta, against Mary Eugenia Martin. Plaintiffs, as tenants in common, claim title in fee as remaindermen to the land under the 9th item of the last will and testament of Charles DeLaigle, executed December 29, 1865, which so far as applicable is as follows: " To my son, Louis, I give, devise, and bequeath three other of such parts, to be held by him in trust for the sole and separate use of my daughters, Martha, Mary, and Emma, one part for each respectively, for and during the terms of their respective natural lives, with remainder to such child or children of my daughters respectively as may be living at the time of their respective deaths; and in default of such child or children, then to the right heirs of each of my said daughters respectively." And also under a deed from William H. Goodrich, receiver, dated August 9, 1869, to Eugene F. Verdery, trustee; and by reason of the death of the life-tenant, Martha V. Hopkins, formerly Martha DeLaigle. It was alleged, that the force and

effect of the deed from Goodrich, receiver, was to convey to Martha Hopkins, or to her trustee, Verdery, for her, or to vest in him as trustee for her, a life-estate under the 9th item of said will in said tract of land, with remainder to plaintiffs; that the claim of both the defendant and plaintiffs is under a common source of title, viz., the 9th item of said will and the deed by William H. Goodrich, receiver; that the plaintiffs are the only surviving children of Thomas N. Hopkins and Martha (DeLaigle) Hopkins, and the sole heirs at law of Martha, and that they are all of age; that Martha Hopkins left surviving her, besides plaintiffs, one other child, William D. Hopkins, who died on November 25, 1918, intestate, without having married, and leaving surviving him the plaintiffs as his only heirs at law.

The defendant filed an answer and sought to defend her title upon three grounds. First. That under the will of Charles DeLaigle a trust estate was created for the benefit of Martha V. Hopkins, then Martha DeLaigle, the life-tenant, and also " to such child or children of my said daughters respectively as may be living at the time of their respective deaths," etc.; that the trustee represented both the life-tenant and remaindermen; that a trustee who was appointed as successor to the original trustee conveyed the property in 1873 to Louise Prontaut; that the defendant, holding under this deed, has by herself and her predecessors in title acquired a good title by prescription; and that by reason of this possession the trustee was barred, and the remaindermen also are barred. Second. That while the deed from the successor to the original trustee to the defendant's predecessor in title might be insufficient to pass title, yet the title was perfected in 1873, by an equitable proceeding in the superior court of Richmond county, under which all the children, including the plaintiffs, were made parties, and that the verdict and decree of the court founded upon these proceedings confirmed the title. Third. That the plaintiffs have ratified the sale of the property in controversy, by their conduct since they reached their majority, by accepting other property acquired in exchange for that now claimed by the defendant, and by executing certain deeds to a portion of the property which was acquired in exchange for that claimed by the defendant, with knowledge of the fact that it had been so exchanged. The answer of the defendant was demurred to by the plaintiffs.

The demurrer was overruled, and the plaintiffs excepted pendente lite. On the trial of the case, after evidence had been offered by the plaintiffs and the defendant, the court directed a verdict for the defendant; and to this judgment the plaintiffs excepted. Other facts will sufficiently appear in the opinion.

*Henry G. Howard, James S. Bussey Jr.,* and *C. E. Dunbar,* for plaintiffs.

*Alexander & Lee,* for defendant.

HILL, J. (After stating the foregoing facts.) The plaintiffs claim title to the land in controversy by virtue of the will of Charles DeLaigle, which was probated in Richmond County on May 3, 1866. See *Fleming* v. *Hughes,* 99 *Ga.* 444 (27 S. E. 791). They claim as remaindermen under the 9th item of the will· as set out in the foregoing statement of facts. The life-tenant having died in 1917, they brought suit to recover a certain lot of land in the City of Augusta. The defendant and her predecessors in title have held the same since 1873. In that year E. F. Verdery (who had been appointed trustee in 1869 to succeed Louis De-Laigle, the trustee named in the will, who had died in 1867) and Martha V. Hopkins conveyed the property sued for, then a vacant lot, to Louise Prontaut. On the trial the defendant introduced in evidence successive transfers of the property, whereunder she now claims title, and showed continuous possession in herself and her predecessors in title from 1873 until the bringing of the present suit. The defendant also introduced in evidence the record of an equitable suit of Martha V. Hopkins, the life-tenant, and E. F. Verdery, trustee, against the minor children of Mrs. Hopkins, the present plaintiffs, whereby the title of Mrs. Prontaut was confirmed by a decree of the superior court. It appears that this equitable petition to confirm the sale was brought to a regular term of the superior court, and that all of the present plaintiffs were made parties and all were served, and a guardian ad litem was appointed, who filed an answer on behalf of the minors, this guardian being their father; and a verdict was rendered and a decree entered, confirming the title of Mrs. Prontaut. On the trial of the present case the evidence, which was practically undisputed, showed that the purchase-money for the lot sued for (which was sold by the trustee and the life-tenant, and the title to which was confirmed by the decree of 1873) was used in part for

building a house upon another vacant lot belonging to the estate of the testator, for the benefit of the life-tenant and remaindermen. It was also in evidence that the life-tenant and the present plain- . tiffs occupied this place as a home. This place was subsequently exchanged for certain property in what was known as " Woodlawn," and this was also occupied for a time by the life-tenant and the remaindermen, the present plaintiffs. The record also discloses that the plaintiffs after attaining their property executed deeds to portions of the Woodlawn property, to at least three purchasers, Hackett, Horsey, and Schweers.

Under the view we take of this case it is unnecessary to decide whether the trustee or the successor trustee was such only for the life-tenant, or for the *life-tenant and remaindermen.* We are of the opinion that under the evidence in this case the plaintiffs in error are estopped from bringing the present suit and recovering the property in controversy. In *Richards* v. *E. T., V. & G. Ry. Co.,* 106 *Ga.* 614 (33 S. E. 193, 45 L. R. A. 712), it was held: " When one holds title to realty in trust for the benefit of a mother and her minor children during the life of the mother, but is not clothed with the title to the legal fee in remainder which vests in the children, he may apply to a court of equity for a sale of the entire property, including the legal as well as the equitable es- tate, the purpose of the application being for the benefit of the children as well as the mother. The moment such an ex parte petition comes before the chancellor and discloses the fact that the legal as well as the equitable estate of infants is involved, they be- come his wards, and the case is one concerning ' an estate of the wards in chancery;' and accordingly the chancellor has jurisdiction to grant in term an order to sell the entire property, the minors being properly made parties and represented before him." And in *Hicks* v. *Webb,* 127 *Ga.* 170 (56 S. E. 307), it was held: " If the life-tenant, assuming to act as trustee for the remaindermen under a void order of the court, sold the fee and received the purchase-money of the whole, and if he afterwards invested some of that purchase-money in other lands; and the remaindermen, after their attainment of majority and not laboring under any disability, after the death of the life-tenant appropriated these other lands to their own use with knowledge of all the material facts, their so doing was a ratification of the sale and conveyance of their estate in re-

mainder by the trustee, and they would be estopped from recovering from the purchaser their remainder interest." The *Richards* case, supra, was followed in *Palmer Brick Co.* v. *Woodward,* 135 *Ga.* 450 (69 S. E. 827), and has not been overruled. And see *Phinizy* v. *Wallace,* 136 *Ga.* 520, 530 (71 S. E. 896) ; *Ethridge* v. *Pitts,* 152 *Ga.* 1 (108 S. E. 543). In the *Ethridge* case, Mr. Chief Justice Fish, in a well-considered opinion, after citing a number of cases, said : "The decisions holding that the judge of the superior court had no power to grant an order to a guardian to sell the legal estate of his ward all stressed the point that the judge had no power to grant such order in vacation, and on a petition presented in vacation, thereby raising the strong implication that if the petition had been presented to the judge when he was presiding over a session of the court, and he had granted an order for such sale during term, it would have been valid. As was said in *Richards* v. *East Tenn. etc., Ry. Co.,* 106 *Ga.* 614, 634, 33 S. E. 193, 201 (45 L. R. A. 712) : 'As far as this court has ever gone is to declare that the chancellor has no power to grant at chambers an order for the sale of the legal estate of minors.' It has never since gone further."

Our Civil Code, § 4336, declares that a judgment of a court of competent jurisdiction is conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein judgment was rendered. And in *Evans* v. *Byrd,* 11 *Ga.* 265, this court held that : "A judgment of a court of law, or a decree in chancery, is an estoppel to the parties thereto and their privies, if it relates to the same subject-matter, and decides the question now in issue." And see *Winkles* v. *Simpson Grocery Co.,* 138 *Ga.* 482, 488 (75 S. E. 640), and cases there cited. The superior court, confirming the title to the land in controversy in 1873, was a court of competent jurisdiction, and the present plaintiffs were parties to that suit. The predecessor in title of the defendant in error was also a party to that suit. The defendant is therefore a privy in estate; and we are of the opinion that the decree rendered in 1873 is conclusive as between the plaintiffs and the defendant. See Herman on Est. & Res. Jud. 108, § 109; Bigelow on Est. (6th ed.) 89, § 1; 23 Cyc. 1300.

Applying to the facts of the present case the principle ruled in

the *Richards* case and others to the same effect, we are of the opinion that the plaintiffs are estopped from maintaining the present suit. The suit in 1873, to confirm the sale from Verdery, trustee, and Mrs. Hopkins to Louise Prontaut, to the lot of land in controversy, was a regular suit in equity, the decree was rendered at a regular term of the superior court, and the case was heard after the present plaintiffs had all been served, and they were likewise represented by their father who was appointed guardian ad litem for them. The guardian filed an answer in which he demanded proof of all the allegations of the petition, and, after a full and presumably fair hearing, a verdict was rendered and a decree entered confirming the sale of the property by the trustee and the life-tenant. In these circumstances we are of the opinion that such a decree would confirm the title to the property in controversy in the purchaser. The money from the sale of this property was invested in other property, and the plaintiffs received the benefit of it. They will not be heard now to set up title to this same property from the proceeds of which they have received benefits, and some of which they have sold, after becoming of age, to other purchasers. They are bound by their conduct, and by the decree of the court confirming the title in Mrs. Prontaut. No exception was ever taken to this decree, so far as the record shows. It follows that the defendant, who holds under Mrs. Prontaut, would likewise, as against the plaintiffs, hold a good title.

The plaintiffs excepted to the overruling of the demurrer to the answer of the defendant in this case; but, from what has been said above, the court did not err in so ruling. Neither do we think the court erred in the admission of the court proceedings had in 1873, under which the title made by Verdery, trustee, and Mrs. Hopkins, the life-tenant, to Louise Prontaut was confirmed, was erroneous; but on the contrary we think that this evidence, as well as the other evidence objected to, was admissible for the purpose of showing title in the defendant and her predecessors in title. We conclude that the court did not err in directing a verdict for the defendant.　　*Judgment affirmed. All the Justices concur.*