28879. MORRIS *v.* GEORGIA POWER COMPANY.

DECIDED JUNE 21, 1941.

*T. B. Higdon, H. W. Belfor, E. Harold Sheats,* for plaintiff.

*MacDougald, Troutman & Arkwright, Dudley Cook, Harllee Branch Jr.,* for defendant.

SUTTON, J. Charles F. Morris brought suit against Georgia Power Company to recover $10,000 as damages for conversion of a

certificate of 50 shares of Georgia Power Company $6 preferred stock, No. AO-29451, the petition as amended alleging that the defendant, on November 14, 1934, took into its possession and converted the same to the use of persons unknown to the plaintiff, which stock was the property of the plaintiff and was at that time of the value of $60 per share and of the total value of $3000 and had a rental or income earning value of $6 per share; that the name of the official or agent of the defendant who took possession of the certificate of stock was D. B. Peck, transfer agent of the defendant in the City of New York; that the facts upon which responsibility on the part of the defendant for said official's taking possession of said stock is based are that at the time and place of the taking possession of the stock he was the transfer agent of the defendant and as such was charged with the duty of transferring on its books in the city of New York stock issued by the defendant and of issuing new stock for such certificates as were surrendered to him for cancellation; that the tort or conversion complained of was committed by said official or agent in issuing to third persons a new certificate of stock for the said certificate AO-29451, and that in doing this he was acting in his capacity as transfer agent of the defendant.

The defendant filed a plea and answer which as amended denied that the plaintiff was the owner of the stock in question or that the defendant had converted it; that the property alleged to have been converted by the defendant is 50 shares of Georgia Power Company $6 preferred stock, evidenced by certificate No. AO-29451; that on March 1, 1939, subsequent to the filing of the present suit against the defendant on November 10, 1938, the Court of Appeals of this State rendered a decision in the case of Charles F. Morris v. R. W. Courts et al., in an appeal from a case in which Charles F. Morris had filed suit for conversion against R. W. Courts and defendants for having converted to their use certain shares, to wit, 50 shares of Georgia Power Company $6 preferred stock, evidenced by certificate No. AO-29451; that R. W. Courts and others, doing business as Courts & Company, have been vouched in as a party defendant in the present case, and that it appears in the opinion rendered by the Court of Appeals that R. W. Courts and others, doing business as Courts & Company, are privies to the defendant in the transaction which is alleged to be a conversion, and that the property which was the subject-matter of the conversion suit passed

upon by the Court of Appeals was the same and identical property as that described in the present suit; that in the case of Morris v. Courts & Company a verdict was directed for the defendants on July 2, 1938, and a judgment rendered thereon, and that this court, in its decision rendered March 1, 1939, affirmed the verdict and judgment of the trial court; that a copy of the petition in the former suit, together with the verdict and judgment therein rendered and the remittitur handed down by the Court of Appeals in said case, is attached to the plea in the present suit and made a part thereof; and defendant prayed that its plea be allowed and ordered filed as a part of the record and that the plaintiff's petition and cause of action be dismissed. To the plea and answer as amended the defendant attached as exhibits the copies of petition, verdict and judgment, and the remittitur of this court, in *Morris v. Courts*, 59 *Ga. App.* 666 (1 S. E. 2d, 687).

By amendment it was alleged that the plaintiff delivered the custody and possession of the said certificate No. AO-29451 to American Bond and Share Corporation, and that at the time of such delivery the transfer printed on the back of the certificate was executed in blank by the plaintiff; that thereafter the American Bond and Share Corporation delivered custody and possession of said certificate to B. R. Bradley with the transfer on the back of the certificate executed in blank by the plaintiff; that on or about November 18, 1934, the said Bradley brought to Courts & Company the said certificate with the transfer on the back thereof executed in blank by the plaintiff and offered to sell the same to Courts & Company, who purchased it for full value from the said Bradley, and the stock certificate was delivered by him to Courts & Company; that Courts & Company purchased it without any knowledge whatsoever of any defect in the title of said Bradley thereto; that it was subsequently presented to D. B. Peck, official transfer agent of the defendant in the City of New York, and it was cancelled and a new stock certificate issued to Charles D. Barney & Company; that no documents accompanied the stock certificate when it was presented to the said transfer agent, and he had no knowledge or notice whatsoever of any defect in the title of the said Bradley or of any one else thereto, and that prior to the presentation of the certificate to its transfer agent the signature on the certificate was guaranteed by the Citizens & Southern National Bank in Atlanta,

Georgia, and by Courts & Company; that by reason of the facts above stated the plaintiff is estopped from asserting against the defendant any claim or title to said certificate or to said shares of $6 preferred stock of the defendant; that the title to the certificate here involved has been adjudicated to have been in Courts & Company as bona fide purchasers for value, and that the defendant received the stock certificate from Courts & Company through Charles D. Barney & Company without any notice of any alleged infirmity in the title; that it was also held in the plaintiff's case against Courts & Company, involving the same stock, that the plaintiff was estopped from asserting any title to the identical shares of stock and that the plaintiff is likewise estopped in the present case.

The plaintiff demurred to the plea and answer as amended on the grounds: (1) That the matters set up are irrelevant and constitute no defense to plaintiff's action; (2) that the plea fails to show any privity between the defendant and R. W. Courts et al., the defendants in the former action named in the plea as involving the same stock; (3) that the plea fails to show that the same rights of action and issues were adjudicated in the former action and controlled the final decision therein; (4) that the plea does not disclose what the cause of action was in the former suit or what the cause of action is in the present suit. The court overruled the demurrer. Thereafter the case proceeded to trial on the defendant's plea. The defendant introduced in evidence certain portions of the record in *Morris* v. *Courts,* supra, namely, the original petition, the defendant's plea and answer, the verdict of the jury, the judgment of the trial court, the brief of evidence, and the remittitur of the Court of Appeals with the judgment of the trial court thereon. To this evidence the plaintiff objected on the ground that it was irrelevant, incompetent, and inadmissible in that it purported to be a record of a suit between the plaintiff and defendants who are not parties to the present suit or in privity with parties to the case, and that said former action involved no issue to be tried in the present suit but involved totally different issues, and that, therefore, there was no identity of parties, issues, or causes of action. The court overruled the objection and admitted the evidence.

The plaintiff then introduced in evidence the following agreed statement of facts: "The Georgia Power Company, defendant

184

herein, is a corporation with its principal office and place of business in Fulton County, Georgia. Davis H. Green and Mace J. Green are the duly-qualified executors of the estate of John F. Green, deceased, and Charles F. Morris is the duly-qualified administrator on the estate of his deceased wife, Mrs. Nettie P. Morris. At the date of indorsement Charles F. Morris was the owner of fifty shares of the $6 preferred capital stock of the defendant company, evidenced by certificate No. AO-29451, issued October 17, 1933. His wife, Mrs. Nettie P. Morris, was at the date of indorsement the owner of twenty-five shares of said stock, evidenced by certificate No. AO-29490, issued October 26, 1933. John F. Green at the date of said indorsement was the owner of fifty shares of said stock, evidenced by certificate No. AO-25858 for twenty-six shares, issued October 17, 1932, and No. AO-25873 for ten shares, issued August 15, 1932. The original certificates here described or photostatic copies thereof will be introduced as documentary evidence supplementing this statement of facts. On November 7, 1934, B. R. Bradley, president of the American Bond and Share Corporation, sold and delivered to Courts & Company, a firm of stock brokers of the City of Atlanta, the twenty-five shares issued to Mrs. Nettie P. Morris, evidenced by the certificate above described, and on November 8, 1934, B. R. Bradley sold and delivered to Courts & Company the fifty shares issued to John F. Green, evidenced by the other certificates above described. On November 14, 1934, the certificate issued to C. F. Morris and the three certificates issued to John F. Green were presented to D. B. Peck, the official transfer agent of the defendant company in New York City, for cancellation and transfer, and on the same date said transfer agent received and cancelled said four certificates and issued new stock certificates therefor to Charles D. Barney & Company. On November 22, 1934, the certificate issued to Mrs. Nettie P. Morris was presented to said transfer agent for cancellation and transfer, and on said date said transfer agent received and cancelled said certificate and issued therefor two new certificates of stock to Charles D. Barney & Company. No bills of sale or other memoranda were attached to either of the five certificates when delivered to said transfer agent by Charles D. Barney & Company, and no other documents accompanied them or were surrendered with them. On the back of each certificate of stock surrendered appeared the

following stamped certificate: 'We hereby certify that we have no ownership or interest in shares of the stock above transferred. The transfer by the owner to us being merely for the purpose of sale. Charles D. Barney & Company.' C. J. Sahradnik, whose name appears as attorney in the power of attorney on the back of the Mrs. Nettie Morris certificate, and D. J. Hanor, whose name appears as attorney in the power of attorney on the back of the Charles F. Morris and John F. Green certificates, were at the time of said transfers and are now employees of said transfer agent, D. B. Peck. The transfer book of the defendant corporation kept by said transfer agent bears the record of the transfers of these five certificates on the dates named, and is the only record of the transfers kept by the said transfer agent. This is the transfer book or record required by section 276 of the consolidated laws of the State of New York. No stock transfer tax stamp was affixed to either of the certificates at the time they were presented for transfer and cancellation or afterwards, and none were or are affixed to the transfer book kept by the transfer agent. No record of any other document, such as a bill of sale or other memorandum of sale or transfer on the transfer book, and no other document accompanied these stock certificates at the time they were received by the transfer agent for cancellation. Said transfer agent has no knowledge of or acquaintance with Charles F. Morris or Mrs. Nettie P. Morris or John F. Green or the signature of either of them. The highest market value of said stock since the date of said transfer on defendant's books has been the sum of $99.50 per share."

The plaintiff concedes in its brief that "Morris was the owner of these 50 shares of stock (evidenced by certificate No. AO-29451, a photostatic copy of which is attached to page 71 of the bill of exceptions) in 1934. This stock certificate got into the hands of B. R. Bradley, an officer of the American Bond and Share Corporation, who, on November 8, 1934, sold and delivered it to Courts & Company, Atlanta brokers. On November 14, 1934, Charles D. Barney & Company, a firm of New York brokers, presented this certificate to D. B. Peck, the transfer agent of the Georgia Power Company in New York, for cancellation and transfer, and on this date Peck received and cancelled this certificate and issued a new certificate therefor to Charles D. Barney & Company. At the time the original certificate was presented to the transfer agent there

appeared on the back of the certificate the following stamped statement: 'We hereby certify that we have no ownership or interest in shares of the stock above transferred. The transfer by the owner to us being merely for the purpose of sale. [Signed] Charles D. Barney & Company.'"

After introduction of evidence the plaintiff moved that the court direct a verdict for him against the defendant on the plea, on the ground that the evidence introduced by the defendant failed to show any identity of parties, issues, or causes of action in the two cases, or any reason why the plaintiff should be barred in the present suit from recovery against the defendant, but showed, on the contrary, that the former suit was between different parties and involved different issues and causes of action. The defendant also made a motion to direct a verdict for it on its plea on the ground that the evidence showed that the plaintiff's cause of action in the present suit was barred by the verdict and judgment in the former suit by the plaintiff against Courts & Company which had been affirmed on appeal to the Court of Appeals. The court overruled the plaintiff's motion and granted the defendant's motion, and thereupon directed a verdict in favor of the defendant on its plea, following which it rendered judgment sustaining the plea and dismissing the petition. The plaintiff excepted and error is assigned on the following rulings and judgments of the trial court: (1) overruling the plaintiff's demurrer to the defendant's plea and answer; (2) admitting in evidence the record of the former suit of the plaintiff against Courts & Company; (3) overruling the plaintiff's motion to direct a verdict against the defendant's plea; (4) sustaining the defendant's motion to direct a verdict in its favor on its plea; (5) dismissing the plaintiff's petition.

The plaintiff in error contends that the defendant's plea was insufficient to withstand his general demurrer, in that it failed to show any privity between the present defendant and the defendant in the former suit by Charles F. Morris as reported in *Morris* v. *Courts,* supra, or the same right of action and issues, and does not disclose what was the cause of action in the former suit or in the present suit. Properly construed, however, the plea here involved was not one of res judicata but a plea in bar of the suit by reason of the judgment rendered in the former suit. As to the difference in the two pleas it was ruled in *Sumner* v. *Sumner,* 186 *Ga.* 390

(197 S. E. 833): "Under the doctrine of res judicata, 'a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.' Code, § 110-501. A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties, based upon a different cause of action. In the latter case there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. [Citing.] Under both rules, in order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved. Code, §§ 110-503, 110-504."

The plaintiff sought to recover damages from Georgia Power Company for the alleged conversion of a stock certificate No. AO-29451, representing 50 shares of preferred stock of that company. The defendant plead in bar the final judgment in the former suit, setting up that the identical certificate of stock was the subject-matter of that suit; that it had been adjudicated therein that the plaintiff was estopped from asserting any claim or title to said certificate and that the title thereto was in Courts & Company; that the defendant was in privity with Courts & Company, the defendant in the former suit, and that the plaintiff is likewise estopped from asserting as against the Georgia Power Company any title to the certificate. This was, in our opinion, a good and sufficient plea of estoppel by judgment or plea in bar and was not subject to the objections urged by demurrer. The subject-matter of the two suits is the same, although the defendants are not the same, and under Code, § 110-501, quoted in the *Sumner* case, supra, it necessarily follows that as a result of the adjudication in the former suit the plaintiff and all of his privies were forever barred, in the absence of reacquirement of the stock certificate, from asserting any claim

of title thereto, and that the defendant in the former suit and all privies therewith are protected against any subsequent suit by the plaintiff or any of his privies. In defining a privy it was said in *Smith* v. *Gettinger*, 3 *Ga.* 140, 142: "Privies are all persons who are represented by the parties and claim under them, all who are in privity with the parties; the term privity denoting mutual or successive relationship to the same rights of property. This rule is founded upon the expediency and necessity that a limit should be prescribed to litigation, and that the same cause of action ought not to be brought twice to a final determination. 'Justice requires' (says Mr. Greenleaf), 'that every cause be once fairly and impartially tried; but the public tranquillity demands, that having been once so tried, all litigation of that question and between those parties, should be closed forever.' Persons occupying the relation of privies are concluded by the judgment, on the ground that they are identified in interest with the party. All privies, whether in estate, in blood, or in law, are on this principle estopped from litigating that which is conclusive upon him with whom they are in privity." See also *Johnston* v. *Duncan*, 67 *Ga.* 61, 70; 34 C. J. 811, § 1229. In *Evans* v. *Birge*, 11 *Ga.* 265, it was ruled: "A fact which has been directly tried, and decided by a court of competent jurisdiction, can not be contested again between the same parties or their privies in the same or any other court. A judgment of a court of law, or a decree in chancery, is an estoppel to the parties thereto and their privies, if it relates to the same subject-matter, and decides the question now in issue." See also *Winkles* v. *Simpson Grocery Co.*, 138 *Ga.* 482, 487, 488 (75 S. E. 640) ; *Tate* v. *Tate*, 160 *Ga.* 449, 457 (3) (128 S. E. 393) ; *Hopkins* v. *Martin*, 153 *Ga.* 238, 243 (112 S. E. 117). According to the allegations of the plea the certificate which is alleged to have been converted by the defendant was one which was sold by B. R. Bradley to Courts & Company, who purchased without notice of any infirmity in Bradley's title, and is the identical one dealt with in the former suit, and it was subsequently presented by Courts & Company, through its agent, to the official transfer agent of the defendant in the City of New York and was canceled and a new stock certificate issued to Charles D. Barney & Company. Under the authorities above mentioned the defendant is thus shown to have been in privity with Courts & Company as to the identical

certificate here involved and which was the subject-matter of the former suit by Morris. It necessarily follows that the defendant was entitled to plead in bar the judgment rendered in the former suit, and that the court did not err in overruling the plaintiff's demurrer to the plea.

■ The defendant introduced in evidence a full exemplification of the record in the former suit by Morris, including a copy of the remittitur of this court. This record was in support of the allegations of the plea and its admission was not error for any reason urged by the plaintiff in error. In the former case it was held that the plaintiff was estopped from setting up any claim of title to the certificate here involved. The agreed statement of facts introduced by the plaintiff refers to the delivery of certain described certificates of stock to Courts & Company, but does not specifically recite that the certificate owned by Morris was delivered to that company. Inferentially, the main purpose of its introduction by the plaintiff was to show that at the time of the transfer by the defendant in the present suit no transfer tax stamps were affixed to any certificate or to any accompanying bill of sale, which fact the plaintiff in error contends prevented the defendant from legally making any transfer on its books and rendered the defendant guilty of conversion, but in the view we entertain of the case the question of affixed stamps is immaterial. In spite of the failure of the agreed statement of facts to show that the certificate of Morris was delivered to Courts & Company, which may have been inadvertent or an error in the preparation of the record for this court, it is recited that on November 14, 1934, the certificate of Morris was presented to D. B. Peck, the official transfer agent of the defendant in the City of New York, for cancellation and transfer, and that on the same date the transfer agent cancelled it, among others mentioned, and issued a new certificate therefor to Charles D. Barney & Company, and it is admitted in the brief of the plaintiff in error that "This stock certificate got into the hands of B. R. Bradley, an officer of the American Bond & Share Corporation, who, on November 8, 1934, sold and delivered it to Courts & Company, Atlanta brokers. On November 14, 1934, Charles D. Barney & Company, a firm of New York brokers, presented this certificate to D. B. Peck, the transfer agent of the Georgia Power Company in New York City, for cancellation and transfer," etc. It is ad-

mitted that the present suit for conversion involves the same certificate of stock dealt with in the former suit. Inasmuch as any subsequent transferee or holder of the certificate, Charles D. Barney & Company or Georgia Power Company, held it in succession to Courts & Company, they were in privity with that company as to the identical certificate here involved. The plea was amply proved by the evidence and the admission of the plaintiff, and the trial court did not err in overruling the plaintiff's motion to direct a verdict in his favor against the plea or in sustaining the defendant's motion to direct a verdict in its favor on the plea.

■ The court having properly directed a verdict in favor of the defendant on the plea in bar and entered judgment accordingly, this ruling necessarily terminated legally the merits of the case, and the court did not err in thereupon dismissing the plaintiff's action. *Judgment affirmed. Stephens, P. J., concurs.*

FELTON, J., concurring specially. I concur in the judgment and in much that is stated in the opinion. When the Georgia Power Company accepted the original stock certificate and issued a new certificate in its place the transaction amounted to a sale or exchange of the original certificate for value. Such rights as to the title and ownership to and of the original certificate as Courts & Company held passed into the Georgia Power Company and was paid for by a new certificate. The interest of the Georgia Power Company was the same as that of Courts & Company, and for that reason the Georgia Power Company was a privy of Courts & Company and is protected by the former adjudication.