37871.   WILLIAMS *v.* RICHARDS.

Decided October 22, 1959.

*John H. Hicks, Heyman, Abram & Young,* for plaintiff in error.
*Joseph Tindall, Jr., Tindall & Tindall,* contra.

Nichols, Judge.   If the plaintiff's plea of estoppel by judgment was properly sustained, then no harmful error appears in the record as to the defendant, for, as stated by the plaintiff in error in his brief,  "This bill of exceptions presents the following controlling question to be decided:   Did the lower court err in sustaining the plaintiff's plea of estoppel by judgment and therefore [err in] dismissing the defendant's plea of payment and plea of nudum pactum?"

The writ of error, the exhibits attached thereto, and the record in the present case make it affirmatively appear that, approximately one year before the present action was brought, the plain-

tiff sued the defendant in another action to recover on a note, that the defendant, in that action, defended on the grounds of nudum pactum and payment, that the defendant sought to prove in the first action the same facts alleged in his pleas in the case sub judice, and that the jury, on the first trial, found for the plaintiff. The first action was on a note designated as "No. 2" which was due on February 7, 1958. The second, or present, action was on a note designated "No. 3", was due on February 8, 1959. Each note was for $600 and under the pleas of the defendant in both actions they were notes in a series.

" 'Under the doctrine of res judicata, "a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties, based upon a different cause of action. In the latter case there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. (Citing.) Under both rules, in order for the former decision to be conclusive, it must have been based not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved. Code §§ 110-503, 110-504.' [*Sumner* v. *Sumner*, 186 *Ga.* 390, 197 S. E. 833]." *Morris* v. *Georgia Power Co.*, 65 *Ga. App.* 180, 187 (15 S. E. 2d 730).

Each note in the series constituted a different *cause of action* and this is true although they were given in connection with the same transaction. As was said by the Supreme Court in *Worth* v. *Carmichael*, 114 *Ga.* 699, 700 (40 S. E. 797): "As the note sued on in the present case is a different cause of action from the note upon which judgment was obtained against the defendant . . .

before that judgment could be invoked by the plaintiff as an estoppel upon the defendant in this case, it would have to appear that the matters set up by the pleas in the present case were actually put in issue and determined in the suit which resulted in the judgment." The first suit brought into issue the defenses sought to be urged by the defendant in the present case and was decided on its merits against him. Therefore, the judgments of the trial court sustaining the plaintiff's plea of estoppel by judgment and dismissing the defendant's pleas of nudum pactum and payment were not error for any reason assigned. As shown above this judgment was controlling on the subsequent proceedings, and the judgments complained of because of the antecedent judgments were not error.

*Judgment affirmed. Felton, C. J., and Quillian, J., concur.*