50240. WHITLEY CONSTRUCTION COMPANY v. WHITLEY.

Stolz, Judge.

For the background of this appeal see *Whitley v. Whitley,* 220 Ga. 471 (139 SE2d 381); *Whitley v. Whitley Constr. Co.,* 121 Ga. App. 696 (175 SE2d 128); and *Whitley v. Whitley Constr. Co.,* 127 Ga. App. 68 (192 SE2d 563).

Plaintiff Whitley brought the present action against the defendant company to recover a judgment for unpaid, past-due, monthly instalments which allegedly had accrued under their contract from the May 22, 1969 filing of a similar action for past-due instalments in the same court, up to the December 4, 1973 filing of the present action.

The defendant's appeal from the denial of its motion for a partial summary judgment, raises the issue of whether the plaintiff is estopped to recover in the present action for unpaid instalments which allegedly accrued between the May 22, 1969 filing of the previous action and the September 10, 1973 judgment therein, by his not having amended his complaint to include all alleged

breaches and sums due as of the date of the judgment in said previous action. *Held:*

" 'Under the doctrine of res judicata, "a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside." Code § 110-501. A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties, based upon a different cause of action. In the latter case there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. [(Citing).] Under both rules, in order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved. Code, §§ 110-503, 110-504.' [*Sumner v. Sumner,* 186 Ga. 390 (197 SE 833)]." *Morris v. Ga. Power Co.,* 65 Ga. App. 180, 187 (15 SE2d 730); *Williams v. Richards,* 100 Ga. App. 501, 502 (111 SE2d 632).

Code § 20-1401 provides: "If a contract be entire, but one suit can be maintained for a breach thereof; but if it be severable, or if the breaches occur at successive periods in an entire contract (as where money is to be paid by installments), an action will lie for each breach; but all the breaches occurring *up to the commencement of the action* must be included therein." (Emphasis supplied.) Cases construing this statute have held that the plaintiff cannot recover for instalments falling due after the filing of the action. See *Martin v. McLain,* 51 Ga. App. 336, 339 (3) (180 SE 510) and cits.

The fact that Code Ann. § 81A-115 (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106; 1972, pp. 689, 694) contains liberal provisions making it *possible* to amend

the pleadings during the course of the trial, does not *require* the plaintiff to so amend in every case in which he might amend. Supplemental pleading "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented," provided by § 81A-115 (d), supra, is allowable not as a matter of right or of duty, but only upon motion and at the discretion of the trial judge. Each instalment under a contract constitutes a different cause of action on which an action can be brought, even though all are provided for in the same contract. See Code § 20-1401, supra; *Williams v. Richards,* 100 Ga. App. 501, 502, supra; *Franklin v. Ford,* 13 Ga. App. 469 (3) (79 SE 366). Although it would be feasible in some circumstances to amend the complaint so as to allow the recovery of all instalment payments due as of the date of the judgment, it must be remembered that this also requires the requisite proof, which in the present case might be somewhat complicated, including proof of the defendant's breach plus proof of the plaintiff's compliance. It is more practicable to have a certain cutoff time for the instalments to be recovered in any given action. Since the cases cited above following Code § 20-1401 have established the filing date as such a cutoff time, we see no reason to *require* the amendment of pleadings to obtain recovery of instalments which became due between the filing date and final judgment.

*Judgment affirmed. Deen, P. J., and Evans, J., concur.*

ARGUED FEBRUARY 11, 1975 — DECIDED FEBRUARY 20, 1975 — REHEARING DENIED MARCH 11, 1975 —

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith,* for appellant.

*L. M. Wyatt, Davis & Stringer, Thomas O. Davis,* for appellee.