60263, 60264. NICKERSON v. CANDLER BUILDING, INC.; and vice versa.

CARLEY, Judge.

These appeals result from a landlord-tenant dispute as to the extent of the tenant's obligation for the payment of rent. Nickerson, defendant below and appellant and cross-appellee here, entered into a written lease with Candler Building, Inc. The lease was for a period of three years, to commence on October 1, 1974 and to end on September 30, 1977. The lease also contained an "automatic extension" provision to the effect that it would "continue in force from year to year after expiration of the initial term, provided, however, that the parties hereto, or either of them, can terminate this lease at the end of the initial term, or of any year thereafter, by giving at least thirty (30) days' previous notice thereof in writing." At the end of April, 1978, after the initial three-year term had expired but before the expiration of the one-year automatic extension period, Nickerson vacated the leased premises.

In July of 1978 Candler Building filed suit, alleging that Nickerson was indebted "for rental due for May, June and July, 1978 totalling $2,835.99" and that "[m]onthly rental will continue to accrue for August and September, 1978 at the rate of $945.33 per month." Candler Building prayed for judgment against Nickerson in the amount of $2,835.99 "representing rental payments due for the period of May, 1978 through July, 1978," "such additional rent as may be due at time of trial" and, pursuant to the terms of the lease, "attorney's fees in the amount of 15% of the rent due." Nickerson answered the complaint and the case then proceeded to the discovery

stage.

Thereafter, both Nickerson and Candler Building filed motions pursuant to Code Ann. § 81A-137 (a) (2) to compel compliance by the other with discovery procedures. A hearing was held in September of 1979 and Candler Building's motion to compel Nickerson's compliance was granted in some particulars and denied in others. Nickerson's motion was denied in all respects. It was "further ordered that complete compliance with this order shall be accomplished on or before October 15, 1979." The trial court also found that Nickerson had "abused" the discovery procedures and ordered that he pay $300 in attorney's fees to Candler Building. Although Nickerson paid the $300 in attorney's fees, he failed to comply with the order insofar as it directed that he make the appropriate response to the discovery procedures instituted by Candler Building. In December, the attorney representing Candler Building phoned and wrote to Nickerson, reminding him that his compliance with the order compelling discovery had not been forthcoming. Nickerson was advised that unless he furnished the "required discovery within ten days," a motion for sanctions pursuant to Code Ann. § 81A-137 (b) (2) would be made. On January 16, 1980, no response by Nickerson having been made, Candler Building moved to strike the answer and enter default judgment in its favor. Thereafter, on January 21, 1980, Nickerson filed his response.

On the day of the hearing on the motion for sanctions, Nickerson filed his own affidavit in which he attempted to explain his conduct with regard to the failure to comply with the order compelling his response by October 15, 1979. After the hearing, the trial court found Nickerson's failure was wilful and intentional and, accordingly, ordered his answer stricken and default judgment entered for Candler Building in the principal amount of $2,835.99, representing rent for May, June and July of 1978, and $425.39 in attorney's fees. Nickerson appeals from the September 1979 order insofar as it required that he pay $300 in attorney's fees and from the March 1980 order striking his answer and entering default judgment against him. Candler Building cross-appeals from the order entering default judgment against Nickerson insofar as it was not in the principal amount of $4,726.65, representing the full five months' rent due on the balance of the lease, and fifteen percent of that figure as attorney's fees.

1. Nickerson's argument that the judgment is void for uncertainty as to the amount is meritless. The record before us contains a copy of the order entering default judgment in favor of Candler Building in the principal amount of $2,835.99 and $425.39 in attorney's fees, signed by the trial judge and filed with the Clerk.

Compare *Hutcheson v. Hutcheson,* 197 Ga. 603 (30 SE2d 107) (1944).

2. As discussed above, both Candler Building and Nickerson had filed motions to compel responses by the other to discovery. On appeal Nickerson does not attack the trial court's final disposition of either motion, only the assessment against him of attorney's fees. Nickerson argues that simply because his motion to compel responses from Candler Building was denied in its entirety does not support a finding that he "abused" the discovery process. However, this argument presents only a one-sided view of the facts. The record also demonstrates that as to Candler Building's motion to compel Nickerson's response, the trial judge ordered Nickerson's compliance in several particulars. Our review of the record indicates that the discovery procedures with which Nickerson was ordered to comply appear pertinent and relevant to the issues involved in the case. Thus, not only did the trial judge deny Nickerson's motion in toto, he properly granted the Candler Building's motion in several particulars. "If the motion is granted, the court shall, after the opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances made an award of expenses unjust. If the motion is denied, the court shall, after opportunity for hearing, require the moving party or the attorney advising the motion or both of them to pay to the party or deponent who opposed the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances made an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner." Code Ann. § 81A-137 (a) (4). On the record before us we cannot say that, under Code Ann. § 81A-137 (a) (4), the trial judge abused his discretion in ordering Nickerson to pay $300 in attorney's fees after partially granting the Candler Building's motion. *Aldridge v. Mercantile Nat. Bank,* 132 Ga. App. 788 (209 SE2d 234) (1974).

3. Nickerson contends that the order striking his answer and entering default judgment against him was erroneous as there was no evidence that his failure to comply with the order compelling discovery by October 15, 1979 was "willful." The record supports a finding that Nickerson had a " 'conscious indifference to the consequences of [his] failure to comply' . . ." *Swindell v. Swindell,* 233 Ga. 854, 857 (213 SE2d 697) (1975); *Sta-Power Indus. v. Avant,* 134

Ga. App. 952, 956 (216 SE2d 897) (1975); *Thurman v. Unicure, Inc.,* 151 Ga. App. 880 (261 SE2d 785) (1979). We find no abuse of discretion in the striking of his answer and the entry of default judgment against him. *McCane v. Cappett Corp.,* 151 Ga. App. 423 (260 SE2d 379) (1979).

4. Nickerson's argument that default judgment was erroneously granted because there was no evidence of damages is without merit. *Galanti v. Emerald City Records,* 144 Ga. App. 773 (242 SE2d 368) (1978).

5. Turning to the cross-appeal, the Candler Building urges that default judgment should have been entered in a principal amount equal to the rent for the full five months remaining under the lease rather than the three months which was awarded. This argument is based upon the allegations of the complaint that "[m]onthly rental will continue to accrue for August and September, 1978 at the rate of $945.33 per month" and the prayer that judgment be entered in favor of Candler Building "for such additional rent as may be due at time of trial." It is urged that, even though the complaint was filed before the rent for August and September 1978 was due under the lease, rent for those months was long past due at the time default judgment was entered and judgment should have been entered in the larger amount. We do not agree.

"It is a well-settled principle that a plaintiff can not recover unless there exists at the time of the filing of the suit a cause of action. A cause of action arising pending the suit will not entitle the plaintiff to recover. [Cits.] It is true that there did exist a cause of action in favor of the plaintiff for those installments that fell due up to the time of the bringing of the suit, but no cause of action, existed with reference to the installment not due. 'The status of a suit becomes fixed at the time the action is instituted, and therefore, when there is no cause of action at the commencement of the suit, there can be no recovery, although one may accrue respecting the same subject-matter while the suit is pending.' [Cit.] . . . 'Where suit [is] brought on a written contract for rent payable in installments, a recovery [can] not be had for installments falling due after the suit [is] commenced.' " *Martin v. McLain,* 51 Ga. App. 336, 340 (180 SE 510) (1935). While the applicability of the language in *Martin* to present day practice has been modified by enactment of the Civil Practice Act to the extent that a recovery of installments falling due after suit has been commenced may be sought by the filing of supplemental pleadings under Code Ann. § 81A-115 (d), no such supplemental pleadings were filed in this case. "Supplemental pleading 'setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be

supplemented,' provided by § 81A-115 (d) . . . is allowable not as a matter of right or of duty, but only upon motion and at the discretion of the trial judge. Each instalment under a contract constitutes a different cause of action on which an action can be brought, even though all are provided for in the same contract. [Cits.]" *Whitley Const. Co. v. Whitley,* 134 Ga. App. 245, 247 (213 SE2d 909) (1975).

Thus in the instant "action," commenced in July of 1978, Candler Building cannot recover any rent for other than the three months then owing in the absence of subsequent amendments to the complaint *after* the rent for August and September had become due and a cause of action for those installments had accrued. Under "every item and paragraph" of the instant unamended complaint Candler Building was entitled to only the past due rent for three months which was awarded. Code Ann. § 81A-155 (a). While Candler Building asserts that a timely but unsuccessful attempt was made to amend its complaint to allege that the two months' rent was due and that it was error for the trial judge to refuse to permit the amendment, we cannot agree. As noted previously, such amendments are "allowable not as a matter of right or of duty, but only upon motion and at the discretion of the trial judge." *Whitley Const. Co. v. Whitley,* 134 Ga. App. 245, 247, supra. There being no transcript of the hearing in the instant case, we cannot say that the trial judge abused his discretion in the matter. Cf. *Getz Exterminators, Inc. v. Walsh,* 124 Ga. App. 402 (184 SE2d 358) (1971).

On the record before us the trial judge properly entered default judgment for Candler Building in the amount authorized under its complaint. There was no error for any reason urged on the cross-appeal.

*Judgments affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 9, 1980 — DECIDED OCTOBER 3, 1980 — REHEARING DENIED NOVEMBER 12, 1980 IN CASE NO. 60264.

*Thomas H. Nickerson,* for appellant.
*William N. Withrow, Jr., N. Karen Deming,* for appellee.