A91A2245. PETERSON v. AMERICAN INTERNATIONAL LIFE ASSURANCE COMPANY OF NEW YORK.
(417 SE2d 402)

COOPER, Judge.

Appellant appeals from the grant of summary judgment to appellee.

In July 1990, appellee filed a dispossessory action against appellant in which it sought a judgment for past due rent in the amount of $13,324.99, interest, late charges and attorney fees. In June 1991, appellee filed simultaneously a First Amendment to its dispossessory action and a motion for summary judgment. In the amendment, appellee substituted its original prayer for judgment with a revised prayer for judgment for past due rent in the amount of $42,928.30, and increased amounts for interest, late charges and attorney fees. The motion for summary judgment was served on appellant by deposit in the mail on June 18, 1991. Appellant alleges that on the day a response to

the motion for summary judgment was due, counsel for both parties orally agreed to an extension of time to respond to the motion. A written stipulation extending the response time was mailed to the trial court on July 23, 1991, and was received by the trial court on July 26, 1991. On July 24, 1991, counsel for appellant began a leave of absence which had been previously granted by the court. On July 25, 1991, the court issued an order granting summary judgment to appellee due to the lack of response from appellant. The court ordered that appellee recover from appellant $42,928.30 in past due rent plus interest, late charges and attorney fees prayed for in the First Amendment to the dispossessory action. When appellant's counsel returned from his leave of absence, there was not sufficient time for the trial court to reconsider its order before the time for appeal expired; therefore appellant filed the instant appeal, raising two enumerations of error.

1. Appellant first contends that the trial court erred in granting summary judgment to appellee before appellant had the opportunity to respond when the parties had stipulated to an extension of time. Pursuant to Uniform State Court Rule 6.2 and OCGA § 9-11-6 (e), appellant had 33 days to respond to appellee's motion for summary judgment. See *Pyramid Constr. Co. v. Star Mfg. Co.,* 195 Ga. App. 644, 645 (394 SE2d 598) (1990). Appellant's response, therefore, was due on July 22, 1991. No response was filed by that date. "Under the circumstances, appellant had sufficient notice that judgment was imminent and gave up his opportunity to be heard." *Spikes v. Citizens State Bank,* 179 Ga. App. 479 (1) (347 SE2d 310) (1986). Even accepting appellant's assertion that an oral agreement to extend the response time was reached on July 22, 1991, that agreement was not filed with the court for another four days. In the interim and three days after the response time had expired, the court issued its order. " 'A request for an extension of time governed by the CPA must be made before the expiration of the original period prescribed by the statute (OCGA § 9-11-6 (b)), and "by written stipulation of counsel filed in the action. . . ." [Cit.] A private agreement between counsel extending time to file pleadings is not binding except when in compliance with this code section and it is filed with the court. (Cit.)' [Cit.]" *Fadum v. Liakos,* 186 Ga. App. 556 (1) (367 SE2d 843) (1988). Whatever stipulation was reached, it was not binding on the court at the time the order was issued; therefore the court did not err in granting summary judgment to appellee.

2. Appellant next argues that the trial court erred in entering a judgment which included an award of rent and other charges which accrued in the interim between the date of the original complaint and the First Amendment to the dispossessory action. Appellant contends that such claims could only be asserted via supplemental pleading

pursuant to OCGA § 9-11-15 (d) under the authority of *Nickerson v. Candler Bldg.*, 156 Ga. App. 396 (5) (274 SE2d 582) (1980). This court in *Nickerson* held that " ' "[e]ach installment under a contract [for rent] constitutes a different cause of action. . . ," ' " id. at 400, and that successive causes of action that accrue for rent installments falling due after suit is commenced may be brought via supplemental pleadings under OCGA § 9-11-15 (d). Id. at 399. However, the *Nickerson* court did not state that OCGA § 9-11-15 (d) is the exclusive avenue for pleading new causes of action. It has long been held that " '[a] party may amend his pleading as a matter of course and without leave of court at any time before the entry of a pre-trial order . . .' [Cits.] This right to amend is very broad and there is no prohibition against pleading a new cause of action by amendment." *Cooper v. Mason*, 151 Ga. App. 793 (1) (261 SE2d 738) (1979). See *Bituminous Cas. Corp. v. United Svcs. Auto. Assn.*, 158 Ga. App. 739, 741-742 (282 SE2d 198) (1981); OCGA § 9-11-15 (a). In the instant case, the First Amendment to the dispossessory action was filed pursuant to OCGA § 9-11-15 (a) before any pre-trial order was issued, and it sought judgment for rent installments that were then overdue. Accordingly, the trial court did not err in granting judgment for the sums prayed for in the First Amendment. See *Hines v. Good Housekeeping Shop*, 161 Ga. App. 318 (6) (291 SE2d 238) (1982).

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED MARCH 17, 1992 —
RECONSIDERATION DENIED APRIL 2, 1992 — 

*Furman Smith, Jr.*, for appellant.
*Wiles & Wiles, John J. Wiles, N. Jackson Cotney, Jr., A. Frank Settlemyer*, for appellee.