### A96A0801. THIMBLE SQUARE, INC. v. FROST.
(471 SE2d 305)

BEASLEY, Chief Judge.

Thimble Square, Inc., leased from Frost a building which it vacated prior to expiration of the lease. Frost sued, and won by jury verdict, the rent due. Thimble appeals the trial court's denial of its motion for new trial.

1. It enumerates as error the court's refusal to give a curative jury instruction after Frost's attorney made allegedly improper comments in closing argument.

The parties' lease required Frost to make various improvements to the building prior to Thimble's occupancy. Frost testified without objection that in order to make these improvements, he had spent $40,000. Thimble raised a relevancy objection when Frost testified that he had borrowed the money from the bank and signed a note requiring the repayment of $52,000. Although the court sustained the objection to the documentary evidence, it noted that Frost's testimony had been admitted without objection. Thimble's president later acknowledged that he had agreed to the term of the lease because of the money spent by Frost in making the improvements.

During closing argument, Frost's attorney commented upon Frost's having spent $52,000 for improvements. Following the court's jury charge, Thimble requested a curative instruction on grounds that Frost's expenditure was irrelevant and not supported by the evidence. The court refused, noting that its jury charge had made it "manifest" that these expenses were not recoverable. The jury charge does make clear that plaintiff sought only rent. That was borne out in the verdict, which expressly covered only rent due.

In this appeal, Thimble argues that the fact that Frost had spent money making improvements to the building was not in evidence and could not have been admitted in evidence as a result of the court's sustaining of its objection. Although the court sustained Thimble's objection to evidence concerning the note, the fact that Frost had spent the money making improvements *was* in evidence through testimony presented by both Frost and Thimble. It was not error to refuse further instruction because no curing was necessary.

2. Thimble also enumerates as error the permission given to Frost at the close of the evidence to supplement his pleadings to seek rent coming due after the filing of the complaint. In reliance on OCGA § 13-6-14 and *Whitley Constr. Co. v. Whitley*, 134 Ga. App. 245 (213 SE2d 909) (1975), he argues that Frost's damages were limited

to rents which had accrued at the time the complaint was filed.

Thimble leased the building at a rental of $1,000 per month for a period of 60 months and vacated after 34 months. In his complaint as originally filed, Frost sought $26,000, representing the balance due for the remaining 26 months. Such a recovery was unobtainable in this suit, because the lease does not contain an acceleration clause and Frost brought this action before the lease expired. Based on the supplemental pleadings, the jury awarded $20,000 for rent accruing through the date of trial.

Where money is paid under an installment contract, OCGA § 13-6-14 states that an action will lie for each breach of the contract but that "all the breaches occurring up to the commencement of the action must be included therein." *Whitley*, supra at 246, noted that *Martin v. McLain*, 51 Ga. App. 336, 339 (3) (180 SE 510) (1935), and prior cases had held that under this statute the plaintiff cannot recover for installments falling due after the filing of the action. However, "the applicability of the language in *Martin* to present day practice has been modified by enactment of the Civil Practice Act to the extent that a recovery of installments falling due after suit has been commenced may be sought by the filing of supplemental pleadings under [OCGA § 9-11-15 (d)]. . . ." *Nickerson v. Candler Bldg.*, 156 Ga. App. 396, 399 (5) (274 SE2d 582) (1980). As noted in *Whitley*, supra at 247, such supplemental pleadings are allowable upon motion and at the discretion of the trial court. Thimble has shown no prejudice. In answer to Thimble's argument that supplement should have been disallowed because Frost could bring *later* suit for rent accruing after commencement of the first action, nothing would be served thereby except the incursion of additional costs for both parties, delay in recovery of what was then due, and waste of judicial resources. The trial court did not abuse its discretion in allowing Frost to supplement his pleadings so as to seek rent falling due after suit was commenced.

3. This being a frivolous appeal, a penalty of $1,000 is imposed on appellant, which the trial court is directed to add to the judgment on remittitur. Court of Appeals Rule 15 (b) and (c).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED MAY 10, 1996.

*Ken W. Smith*, for appellant.

*Johnson & Johnson, Emmett P. Johnson, Emmett P. Johnson, Jr.*, for appellee.