### 24725. MADARIS v. MADARIS.

SUBMITTED JULY 8, 1968—DECIDED SEPTEMBER 24, 1968.

*Frank M. Gleason,* for appellant.

*Shaw, Stolz & Fletcher, Irwin W. Stolz, Jr.,* for appellee.

ALMAND, Presiding Justice. Walter Robert Madaris brought a petition for habeas corpus against his former wife, Flossie

Louise Madaris, seeking the custody of their minor son, Marty Allen Madaris. The permanent custody of the 10-year-old child had previously been awarded to the defendant by the divorce decree of November 28, 1967. The plaintiff alleged with some degree of particularity that the defendant was keeping the child out of school, allowing the child to be tardy for school, allowing the child to grow into a delinquent as displayed by certain specified signs of emotional instability, failing to look after and discipline the child, being indifferent to the interests, welfare and future of the child and generally neglecting the child thereby showing a material change in the conditions affecting the child's welfare. The defendant filed her answer denying the material allegations of the petition. The matter came on for a hearing before the Superior Court of Walker County and after hearing evidence, the trial court denied the plaintiff's prayer for a change of custody. The plaintiff appeals enumerating error on the trial court's excluding certain evidence relating to the defendant's father's reputation and denying his prayer for custody of the minor child.

■ Plaintiff complains that the trial court erred in excluding testimony of the reputation of Leonard Vaughn, the defendant's father, in whose home the child lived with his mother. The trial court excluded the testimony on the ground that it was outside the pleadings and irrelevant to the issues presented by the petition, thereby depriving the defendant of an unprejudiced opportunity to defend the case. The defendant's objection to the testimony was grounded upon the fact that this testimony changed the general lines of the plaintiff's claim without giving her notice. The plaintiff contends that this testimony was material to the issues involved and that under the Civil Practice Act of 1966 such testimony is admissible.

The pertinent portion of Section 15 of the Civil Practice Act (Ga. L. 1966, pp. 609, 627; *Code Ann.* § 81A-115 (b)) provides: "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that

the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Clearly, the instant testimony falls within the meaning of this section in that the testimony presented was outside the pleadings and the defendant objected because such testimony would prejudice her in maintaining her defense. While the trial court is permitted to admit such evidence by allowing the pleadings to be amended and may grant a continuance to enable the objecting party an opportunity to prepare a defense, the above cited Act does not require the trial court to admit testimony that is irrelevant and outside the pleadings. Thus, we are of the opinion that the trial court did not err in excluding the testimony in question.

■ We have thoroughly reviewed the record in the instant case and find that the evidence did not demand a ruling that since the divorce decree of November 28, 1967, the conditions affecting the child's welfare have materially changed. Therefore, the trial court did not abuse its discretion in denying the plaintiff's prayer for a change of custody of the minor child. *Wills v. Glunts,* 222 Ga. 122 (149 SE2d 106).

*Judgment affirmed. All the Justices concur.*