### 45043. WHITLEY v. WHITLEY CONSTRUCTION COMPANY.

PANNELL, Judge. This is an appeal from the sustaining of a motion to dismiss a complaint brought against a corporation for breach of a contract retaining the complainant, a former executive president and chairman of the board of directors, for a period of twenty years, "to serve as chairman of the board of directors and to furnish such advisory, consulting and other services as may reasonably be required by said company" at a salary of $20,000 a year, plus an automobile and chauffeur, and agreeing to pay office rent not to exceed $600 per year and to pay the office telephone bill. The complainant was required to serve for twenty years unless the contract was "sooner terminated by the death or total incapacity of the" complainant. *Held:*

1. On motion to dismiss, a complaint should be construed in a light most favorable to the complainant with all doubts construed in his favor (*Cochran v. Bank of Hancock County,*

118 Ga. App. 100 (162 SE2d 765)), and it need not allege a cause of action, but only sufficient facts to place the defendant on notice of the claim against him (*Herring v. R. L. Mathis Certified Dairy Co.*, 118 Ga. App. 132, 137 (162 SE2d 863)), and it should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle him to relief (*American Southern Ins. Co. v. Kirkland*, 118 Ga. App. 170 (162 SE2d 862)), such as where the allegations disclosed with certainty that plaintiff would not be entitled to relief under any stated provable facts (*Harper v. DeFreitas*, 117 Ga. App. 236 (160 SE2d 260)).

2. The length of the term of a contract between a corporation and another person does not necessarily make such a contract void as against public policy (see *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers*, 219 Ga. 665, 672 (135 SE2d 330) involving a magazine contract for a period of thirty years with a privilege of renewal of additional thirty-year terms) nor does the length of the term alone make the contract one usurping the control and management of the corporate affairs by its own officers and directors. Id., p. 673. These rulings in reference to the magazine contract were affirmed by the Supreme Court in the case of the same name in 224 Ga. 518, 525 (162 SE2d 724).

3. It does not affirmatively appear from the complaint that the contract is in excess of the charter powers of the corporation, or that such contract is against the interest of the corporation or any of its stockholders, or that the sums paid thereunder are a substantial part of the income of the corporation, or that the payments thereof will deplete the assets of the corporation, or that the payment thereof would interfere with the control of the corporation by its board of directors or its stockholders according to the terms of its charter or the terms of its bylaws, or that because of lack of funds the directors were handicapped from carrying out the purposes of the corporation, or that the chairman of the board of directors had any power to vote or participate in the management of the corporation delegated to the board of directors by Section 28 of the Act of 1937-1938 (Ga. L. 1937-38, Ex. Sess., pp. 214, 239; *Code Ann.* § 22-1864); and it does not appear from the complaint other than that the only interference with the management and control of the corporation which the contract

engendered is that of the length of the term of the contract alone. Acocrdingly, we must hold that the trial judge erred in sustaining the motion to dismiss the complaint.

Whether, if any or a portion of the above factors subsequently appear in the present case a different result will be required, we do not decide; but these factors in whole or in part were the controlling elements in the cases relied upon by the corporation in its contentions that the contract was void as against public policy. See *Milton Frank Allen Publications v. Ga. Assn. of Petroleum Retailers,* 224 Ga. 518, 525, supra; *Morel v. Hoge,* 130 Ga. 625 (61 SE 487, 16 LRA (NS) 1136, 14 AC 935); *English v. Rosencranz,* 152 Ga. 726 (1) (111 SE 198); *Wheeler v. Layman Foundation,* 188 Ga. 267 (3 SE2d 645); Clifford v. Firemen's Mut. Benev. Assn., 232 App. Div. 260 (249 NYS 713) (holding void a contract to pay a life salary *regardless of services rendered*).

4. Whether or not the Corporation Code of 1968 (Ga. L. 1968, p. 565 et seq.) is applicable to the present contract, and, if so, whether it contains provisions which would require a holding that the contract sued upon in the present case is void on its face as contrary to public policy, we do not decide, as to so construe the Act and to apply it retroactively would amount to an unconstitutional application of the Act. Art. I, Sec. III, Par. II of the Constitution of the State of Georgia (*Code Ann.* § 2-302); *Niemeyer v. Dougan,* 31 Ga. App. 99 (6) (119 SE 544).

*Judgment reversed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 9, 1970—DECIDED APRIL 6, 1970— REHEARING DENIED APRIL 22, 1970—

*Davis & Stringer, Thomas O. Davis, L. M. Wyatt,* for appellant.

*Zachary, Hunter, Zachary & Bowden, W. E. Zachary, Sr., William G. Grant,* for appellee.