## 46786. SEABOARD COAST LINE RAILROAD COMPANY
## v. METZGER.

QUILLIAN, Judge. In 1966 the appellant and the appellee entered into a sale contract for fill dirt to be removed from the appellee's land by the appellant. The contract provided: "For the sum of .035 per yard, to be paid to me on basis of actual in place measurements at completion of job, I hereby grant to the Seaboard Air Line Railroad Company permission to remove dirt from that portion of my land described below: 'An area or parcel of land near Clyo, Effingham County, Georgia, lying south of Savannah River and west of property of Seaboard Air Line Railroad and containing approximately 5 acres, said 5 acres being a strip approximately 100 feet wide and 2,000 feet long parallel to and adjacent to property of Seaboard Air Line Railroad and beginning approximately 1,600 feet southwardly from railroad's mile post 466 and extending southwardly approximately 2,000 feet.' It is further agreed that excavation will be to a depth approximately equal to adjacent railroad roadbed and at completion of job the area will be dressed up and drained so as not to leave water holes, after which railroad will have no further obligation. This permission is granted for a period of 1 year from this date."

In 1967 the appellant through its agent wrote the appellee a letter which stated: "Mr. George S. Metzger, Clyo, Georgia. Dear Mr. Metzger: Please refer to agreement dated February 24, 1966, concerning borrow rights on your property at Clyo, Georgia. Our records indicate that Seaboard owns a 300-ft. right of way through the area. Since the borrow privilege was not extended more than 150 feet westwardly from the center line of the main track, your property was not involved. Therefore it appears that your property referred to in the agreement was not needed. Many thanks for your kind consideration and cooperation in this matter. Yours very truly, /s/ C. R. Harrell, /t/ C. R. Harrell, Division Engineer."

The appellee then filed a claim based upon the contract which he later dismissed. After having dismissed the first suit the appellee then filed a claim against the appellant alleging that the appellant trespassed upon his land and removed fill dirt valued at $8,500 and timber which had a value of $750. The jury returned a verdict for the appellee and the appellant filed a motion for a judgment notwithstanding the verdict and a motion for a new trial which were overruled. The appellant then appealed. *Held:*

1. Upon the trial of the case the appellant admitted that it had removed approximately 85,000 cubic yards of fill dirt from the appellee's land. However, the appellant contends that the proper value to be placed upon the dirt is that which was stated in the contract between the parties which was executed in 1966. With this contention we cannot agree. The evidence was sufficient to present a question for the jury whether the appellant had abandoned the contract and the appellee had agreed in the abandonment. "Parties may by mutual consent abandon an existing contract between them so as to make it not thereafter binding and the contract may be rescinded by conduct as well as by words. *Hennessy v. Woodruff,* 210 Ga. 742 (82 SE2d 859); *Shoup v. Elliott,* 192 Ga. 858, 861 (16 SE2d 857)." *Dowling v. Southwell,* 95 Ga. App. 29 (1) (96 SE2d 903).

2. The trial court erred in allowing the appellee to testify, over objection, that an agent of the appellant had agreed to leave the appellee sufficient bridge timbers to compensate for the trees that might be removed from the property. There was no allegation in the petition in regard to these damages and no amendment was offered by the appellant. *Code Ann.* § 81A-115 (b) (Ga. L. 1966, pp. 609, 627; 1968, pp. 1104, 1106). The appellant was prejudiced by the admission of this testimony.

3. For the same reason as stated in Division 2 of this opinion, it was error for the appellee to be allowed, over objection, to testify as to the condition of the borrow pit

after the dirt had been removed.

4. It was error for the court to charge the jury: "It would be your duty if you find that there has been a breach of the contract here or that an additional contract entered into between the parties, aside from that that has been offered in evidence, if you find there has been a breach of the contract, then you should award such damages to the plaintiff [appellee] as seem reasonable and just from the evidence that has been presented to you." There was no evidence that the parties had entered into any new contract subsequent to the written contract which was introduced in evidence, and "All oral negotiations between the representatives of the parties preceding the execution of the written contract are to be regarded as merged in and extinguished by it." *Wayne Oil Tank &c. Co. v. Claxton Oil Co.*, 32 Ga. App. 530 (c) (124 SE 75).

5. The remaining enumerations of error are without merit.

*Judgment reversed. Hall, P. J., and Pannell, J., concur.*

SUBMITTED JANUARY 7, 1972—DECIDED APRIL 12, 1972—
REHEARING DENIED MAY 2, 1972.

*Brannen & Clark, Perry Brannen,* for appellant.
*Z. Vance Dasher,* for appellee.

