### 47314. WHITLEY v. WHITLEY CONSTRUCTION COMPANY.

STOLZ, Judge. J. E. Whitley brought suit in the State Court of DeKalb County for breach of contract by the defendant corporation. The jury returned a verdict for the de-

fendant upon which judgment was entered. The plaintiff appeals from the trial court's denial of his amended motion for new trial.

On May 20, 1960, three contracts were entered into by J. E. Whitley (appellant), Whitley Construction Co. (appellee), and appellant's sons, who are now officers of Whitley Construction Co., Inc. The contract in question essentially provided that the plaintiff would serve as chairman of the board of directors of Whitley Construction Co., Inc., for a period of 20 years at an annual salary of $20,000 plus certain fringe benefits. The construction of this contract, as well as the other two executed contemporaneously therewith, was made by the Supreme Court of Georgia in *Whitley v. Whitley,* 220 Ga. 471 (139 SE2d 381). The contract in question has been reviewed by this court in *Whitley v. Whitley Constr. Co.,* 121 Ga. App. 696 (175 SE2d 128).

In his complaint, the plaintiff alleged that the defendant corporation failed to make the monthly payments required under the terms of the aforesaid contract for the months of January, February, March, April and May, 1969, or to provide the fringe benefits in connection therewith. The defendant corporation admitted the failure, but claimed that it was not required to do so because (1) the contract was "ultra vires, illegal and void and of no force and effect" and "ultra vires and against public policy," and (2) "plaintiff was incapacitated to the extent that he was physically and mentally unable to render any service to the defendant, and had been so incapacitated for at least a year prior to said date."

The contract provided for termination at the end of twenty years unless the contract was "sooner terminated by the death or total incapacity of [the plaintiff]." *Held:*

1. At the trial of the case the defendant introduced into evidence over the plaintiff's objection the entire record in two cases brought by the plaintiff against the defendant seeking to void the contract in question, one of which was brought in 1961 and the other in 1964. The defend-

ant's counsel stated to the court that the reason for introducing the suits was to show the "continued harrassment of the father filing these suits" and to show "why the parties acted as they did."

In none of the pleadings did the defendant allege harrassment by the plaintiff as justification for the breach of contract. The defendant did not move to conform the pleadings to the evidence. *Code Ann.* § 81A-115 (b) (Ga. L. 1966, pp. 609, 627). Under the circumstances, the admission of the two suits in evidence would at least be irrelevant and immaterial to the issues being tried and at most highly prejudicial to the appellant. In either event it amounted to reversible error.

2. At the conclusion of the evidence, the trial court gave to the jury nine requests to charge submitted by the defendant, which generally addressed themselves to the validity of the contract in question, the power of the corporation and/or its officers to enter into such a contract, and whether the same restricts or usurps the management of the corporation. The Supreme Court in *Whitley v. Whitley,* 220 Ga. 471, supra, has already determined that the parties to this contract, come into court with unclean hands and are to be left where they are found as far as the validity of the contract is concerned. Further, the record conclusively shows that the defendant corporation, by and through its duly elected officers, ratified the contract each month from May 20, 1960, through December, 1968. The requests to charge were not adjusted to the evidence, were immaterial, and could have misled or confused the jury as to the issues in the case.

3. For the reasons aforesaid, the trial court erred in overruling the plaintiff's motion for new trial. Accordingly, we must reverse the judgment of the trial court and remand the case for trial on the issue of the plaintiff's capacity to perform the services contemplated by the contract.

*Judgment reversed. Bell, C. J., and Evans, J., concur.*
ARGUED JULY 5, 1972—DECIDED SEPTEMBER 5, 1972—
REHEARING DENIED SEPTEMBER 20, 1972—

*Davis & Stringer, Thomas O. Davis, L. M. Wyatt,* for appellant.

*Zachary & Segraves, W. E. Zachary, Sr., William G. Grant,* for appellee.