### 55477. DUNN v. McINTYRE et al.

BANKE, Judge.

This is an appeal by the defendant from a judgment for the plaintiffs, Melvin R. and Rosemary McIntyre, in a suit for injuries sustained in an automobile collision. The defendant admitted liability by amended answer on the day of trial and defended solely on the issue of damages. The jury found for Mr. McIntyre in the amount of $12,000 and for Mrs. McIntyre in the amount of $20,000.

1. The first two enumerations of error concern the admission of evidence of loss of consortium on the part of Mr. McIntyre. The defendant objected on the ground that such damages were not prayed for in the complaint.

Code Ann. § 81A-115 (b) (as amended through Ga. L. 1972, pp. 689, 694) provides in pertinent part: "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." The plaintiffs did not offer such an amendment in response to the defendant's objection, and there is nothing in the pleadings or the pre-trial order which can reasonably be said to have placed the defendant on notice that such damages were sought. Therefore, the evidence of loss of consortium should not have been allowed, and the judgment in favor of Melvin R. McIntyre must be reversed. See *Madaris v. Madaris,* 224 Ga. 577 (163 SE2d 745) (1968); *Seaboard C. L. R. Co. v. Metzger,* 126 Ga. App. 178 (190 SE2d 156) (1972); *Whitley v. Whitley Const. Co.,* 127 Ga. App. 68 (192 SE2d 563) (1972). Cf. *Davison v.*

*Strickland,* 145 Ga. App. 420 (243 SE2d 705) (1978).

2. It was also error to admit over objection certain radiology reports contained in Mrs. McIntyre's hospital record since these reports contained diagnostic evaluations of her injury. "If a hospital record contains diagnostic opinions and conclusions, it cannot, upon proper objection, be admitted into evidence unless and until the proper foundation is laid, i.e., the person who entered such diagnostic opinions and conclusions upon the record must qualify as an expert and relate the facts upon which the entry was based. [Cits.]" *Cassano v. Pilgreen's, Inc.,* 117 Ga. App. 260, 261 (2) (160 SE2d 439) (1968). See *Meeks v. Lunsford,* 106 Ga. App. 154(1) (126 SE2d 531) (1962); *Dennis v. Adcock,* 138 Ga. App. 425 (2) (226 SE2d 292) (1976).

The trial court allowed the reports into evidence on the authority of recently enacted Code Ann.§ 38- 315 (Ga. L. 1977, p. 226) which provides as follows: "Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment shall be admissible in evidence."

The appellant contends that this language does not encompass statements of medical opinion made by one physician to another but instead refers only to statements made by or on behalf of the patient when seeking medical care. We agree. The three categories of information listed in the statute relate only to factual matters which would be within the immediate knowledge of the patient himself. Statements of medical opinion are not included.

The theory behind this exception to the hearsay rule is that information given to medical personnel for the purpose of securing diagnosis or treatment may be deemed inherently trustworthy. The statute is apparently based on Rule 803 (4) of the Federal Rules of Evidence, since the language of that rule is identical to Code Ann. § 38-315. The Advisory Committee's Note to Rule 803 (b), as contained in 28 USCA, Federal Rules of Evidence, states, in part: Exception (4). "Even those few jurisdictions which have shied away from generally

admitting statements of present condition have allowed them if made to a physician for purposes of diagnosis and treatment in view of the patient's strong motivation to be truthful. McCormick § 266, p. 563. The same guarantee of trustworthiness extends to statements of past conditions and medical history, made for purposes of diagnosis or treatment. It also extends to statements as to causation, reasonably pertinent to the same purposes, in accord with the current trend. Shell Oil Co. v. Industrial Commission, 2 Ill. 2d 590, 119 N. E. 2d 224 (1954); McCormick § 266, p. 564; New Jersey Evidence Rule 63 (12) (c). Statements as to fault would not ordinarily qualify under this latter language. Thus a patient's statement that he was struck by an automobile would qualify but not his statement that the car was driven through a red light. Under the exception the statement need not have been made to a physician. Statements to hospital attendants, ambulance drivers, or even members of the family might be included." Accord, *Banks v. State,* 144 Ga. App. 471 (4) (241 SE2d 587) (1978) (statement made to emergency room nurse by a child molestation victim held admissible "since it was pertinent to the diagnosis and treatment of the child and since the trial was held after the effective date of the statute").

Although we hold that the admission of the radiology reports was error, nevertheless we do not find that ground for reversal resulted from it under the circumstances of this case. Mrs. McIntyre's orthopedic surgeon testified in detail as to the nature of her injury and subsequent surgery, and his opinions were identical to those contained in the radiologist's reports. Since the reports were thereby rendered merely cumulative, the error in admitting them was harmless, and the judgment in favor of Mrs. McIntyre is affirmed.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Smith, J., concur.*

ARGUED MARCH 1, 1978 — DECIDED JUNE 22, 1978.

*Beck, Goddard, Owen & Murray, Samuel A. Murray, Frank A. Thomas, Jr., John H. Goddard,* for appellant.

*Smalley & Cogburn, Robert H. Smalley, Jr.,* for appellees.