### 63634. ATLANTA WINDOW COMPANY v. HASKELL ASSOCIATES.

SOGNIER, Judge.

Atlanta Window Company, a material supplier, entered into three separate contracts with Haskell Associates to furnish windows to Haskell for three separate jobs, the Annie Belle Clark Elementary School, the Pulaski County School, and the Metter Elementary School. Atlanta Window sued Haskell for $29,870, the balance due on the contract for windows for the Metter Elementary School job. Haskell answered and counterclaimed alleging that Atlanta Window was indebted to Haskell for failure to perform the contract. Prior to trial Haskell made an $11,000 payment to Atlanta Windows in partial settlement of the claim. The case was tried before the court without a jury. Atlanta Window presented its evidence on the Metter Elementary School contract after which Haskell presented evidence to support its counterclaim, including evidence of set-off claims arising out of all three contracts. The trial court found that Haskell was entitled to a set-off on the basis of its counterclaim and

awarded judgment to Atlanta Window in the amount of $7,723,77. Atlanta Window appeals.

1. Appellant contends the trial court erred in admitting into evidence documents and testimony of appellee in support of its counterclaim. Appellant argues that such evidence was irrelevant and inadmissible as it concerned contracts which were not the subject matter of the lawsuit or counterclaim. We agree.

Appellee's counterclaim stated: "Plaintiff is indebted to Defendant in the amount of $70,000.00 as a result of Plaintiff's failure to perform its contract with Defendant, which is the subject matter of Plaintiff's Complaint." It is undisputed that appellant's complaint included only one of three of the contracts between the parties, i.e., the Metter Elementary School contract. On cross-examination of the appellant, Haskell sought to introduce evidence of the Annie Belle Clark contract. Appellant objected to the evidence as being irrelevant to the contract sued upon. The trial court overruled the objection, admitted evidence of set-off based upon the two contracts which were not made an issue in the pleadings, and entered judgment striking a balance between the amount owed on the contract and the set-off.

Code Ann. § 81A-115 (b) provides in pertinent part: "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits." Appellee in the instant case did not offer an amendment in response to appellant's objection, and there is nothing in the pleadings which can reasonably be said to have placed appellant on notice that set-off on the basis of the Annie Belle Clark contract would be sought. Therefore, any evidence of this contract which was properly objected to should not have been allowed, and the judgment, including a set-off based upon the improperly admitted evidence, must be reversed. *Dunn v. McIntyre,* 146 Ga. App. 362 (246 SE2d 398) (1978); *Burger King Corp. v. Garrick,* 149 Ga. App. 186, 188 (253 SE2d 852) (1979).

Appellee argues that the evidence was properly admitted because it involved a permissive counterclaim regarding set-off. We do not disagree with appellee's argument regarding the difference between permissive and compulsory counterclaims, see Code Ann. §§ 20-1302, 1311; Code Ann. § 81A-113; however, we find absolutely no indication in the record that a permissive counterclaim was sought, nor that appellee sought to amend its pleadings after objection by

appellant to evidence of set-off.

2. Appellant requests that the case be reversed and that he be awarded the full sum of the contract sued upon. In view of our decision in Division 1 of this opinion, we reverse and remand for a new trial. Because we are granting a new trial, appellant's other enumerations of error need not be addressed.

*Judgment reversed and case remanded for new trial. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 2, 1982.

*Russell L. Adkins, Jr.,* for appellant.
*James C. Watkins,* for appellee.