## 64228. BROWN v. BANKS.

BANKE, Judge.

The appellee filed suit against the appellant to recover for personal injuries resulting from a gunshot wound. She alleged in her complaint that the appellant "shot and attempted to kill and murder her with malice, and said shooting was done wilfully, wantonly and without justification." Following a non-jury trial, the court concluded that the shooting had not been intentional but that it had resulted from the appellant's negligence in handling a firearm while intoxicated. Based on this finding, he entered judgment for the appellee in the amount of $15,000. On appeal, the appellant contends that the court erred in rendering a verdict based on negligence when the complaint alleged only an intentional tort. *Held:*

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; *but failure so to amend does not affect the result of the trial of these issues.* If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be

subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." (Emphasis supplied.) Code Ann. § 81A-115 (b).

The appellant did not object to any evidence offered at trial on the ground that it was not within the issues made by the pleadings. The cases cited by the appellant, *Dunn v. McIntyre,* 146 Ga. App. 362 (1) (246 SE2d 398) (1978), and *Whitley v. Whitley Const. Co.,* 127 Ga. App. 68 (192 SE2d 563) (1972), are distinguished by the fact that a proper objection was made in those cases. It follows that the judgment is not subject to reversal for the reason assigned.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JULY 2, 1982.

*Jack P. Friday,* for appellant.
*Sage Brown,* for appellee.