## S05A0773. FOX-KORUCU v. KORUCU.
(621 SE2d 460)

SEARS, Chief Justice.

Wife, Donna J. Fox-Korucu, appeals from an award of attorney fees to husband, Ayhan Korucu, which was granted as part of a final judgment of divorce. Because the trial court's conclusion that wife's post-trial motions were frivolous is inconsistent with the fact that it granted a portion of the relief she requested therein, the trial court erred in granting attorney fees to husband on that ground. Accordingly, we reverse.

In its final judgment after the conclusion of the divorce trial, the trial court granted final decision-making authority over the couple's only child to husband. Wife then filed a motion for a new trial, or, in the alternative, a motion for reconsideration. Wife sought to alter the court's judgment by introducing the testimony of a psychologist regarding the psychological impact on the child of being raised as a Muslim in modern America. In response, husband filed a motion in limine seeking to exclude the psychologist's testimony, which the trial court denied.

After a hearing, during which the testimony of the psychologist was admitted, the trial court denied the motion for a new trial but partially granted the motion for reconsideration. Specifically, the trial court amended its final decree to give the parties equal visitation rights with the child, to give wife some decision-making authority over the school that the child would attend, and to require husband to post a bond as a condition to taking the child out of the country.

Husband then moved to recover his attorney fees associated with responding to wife's post-trial motions.[1] Without holding a hearing, the trial court found that wife's motion for a new trial lacked any justiciable issue of law, was frivolous, unnecessarily expanded the proceedings, and resulted in unnecessary expense to husband. Accordingly, the trial court granted husband $5,211.60 in attorney fees and expenses.

This Court granted wife's application for a discretionary appeal to determine whether the trial court erred in failing to hold a hearing

[1] OCGA § 9-15-14.

before awarding attorney fees to husband, and whether the award of attorney fees was proper given the partial success of wife's post-trial motions.

1. After husband moved for attorney fees, pursuant to OCGA § 9-15-14, and wife responded to that motion, the trial court summarily granted husband's request without holding an evidentiary hearing. "To make a valid award [of attorney fees] the trial court must conduct an evidentiary hearing to determine the amount of reasonable and necessary attorney[ ] fees."[2] Accordingly, the trial court erred by failing to hold a hearing in this case.

2. Furthermore, the trial court's decision to amend its final judgment and grant wife a portion of the relief requested in her post-trial motions is irreconcilably at odds with its decision to award attorney fees based on the purported frivolousness of those motions. In its order, the trial court focused on the motion for a new trial, stating that it was "frivolous and unnecessarily expanded the proceedings in this case and resulted in unnecessary expense to [husband]." But wife only filed a single two-page brief requesting a new trial, or, in the alternative, reconsideration of the final judgment. The unsuccessful portion of the motion asking for a new trial could not have caused significantly more "unnecessary expense" to husband than that which resulted from the successful portion of the motion asking for reconsideration of the final judgment. It is illogical to hold that a motion for a new trial is frivolous while simultaneously granting a motion for reconsideration posing similar arguments.

Husband claims that he was unnecessarily burdened by having to fight wife's improper post-trial introduction of the psychologist's testimony. But husband's motion in limine, which sought to prevent the admission of that evidence, was denied by the trial court, and the testimony was admitted.[3] Further, the relief granted to wife by the trial court, particularly her right to control certain educational decisions for the child, was relevant to the substance of the psychologist's testimony. Therefore, the submission of the psychologist's testimony, even if it was improperly admitted by the trial court, cannot support the award of attorney fees.

Accordingly, the trial court abused its discretion in awarding attorney fees to husband,[4] and that award is hereby reversed.

*Judgment reversed. All the Justices concur.*

---

[2] *Green v. McCart*, 273 Ga. 862, 863 (548 SE2d 303) (2001).

[3] See, e.g., *Porter v. Felker*, 261 Ga. 421, 422 (3) (405 SE2d 31) (1991) ("trial court's award [of attorney fees] to a party whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees").

[4] See *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524 (360 SE2d 566) (1987) (award of

DECIDED OCTOBER 24, 2005.

*Alembik, Fine & Callner, Kathy L. Portnoy, Raymond R. Grant II,* for appellant.

*Robert A. Burnett,* for appellee.

---

attorney fees will be vacated only where the lower court abused its discretion in making the award).