DECIDED SEPTEMBER 24, 2007.

*Celeste F. Brewer*, for appellant.
*Timothy N. Shepherd*, for appellee.

## S07F0945. JACKSON v. JACKSON.
### (651 SE2d 92)

HUNSTEIN, Presiding Justice.

Delphine Jackson ("Wife") filed for divorce from Ronnie Jackson ("Husband") after 23 years of marriage, seeking alimony and child support. A temporary order of support was entered in April 2005; in January 2006 the trial court found Husband in wilful contempt of that order and awarded Wife attorney fees. Two months later, after a bench trial at which only the parties testified, the trial court granted the parties a total divorce and, pertinent to this appeal, declined to award Wife alimony, required Husband to continue payments (including temporary alimony, child support and attorney fees) due under the earlier contempt ruling, and declined to award Wife additional attorney fees. Pursuant to this Court's pilot project, we granted Wife's application for discretionary appeal.[1] See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003). Finding no reversible error, we affirm.

1. Wife enumerates several related errors regarding the exclusion of "conduct evidence" as it pertained to her claim for alimony. The evidence in issue involved the alleged harm to Wife's credit rating caused by the marital residence going into foreclosure and sums that she allegedly expended for the support of the couple's minor child prior to the filing of the petition. Although Wife contends on appeal that evidence regarding these two items was "conduct evidence" relevant to the trial court's determination of her claim for alimony, so that exclusion of the evidence violated OCGA § 19-6-1, see *Bryan v. Bryan*, 242 Ga. 826 (1) (251 SE2d 566) (1979) (conduct of spouse should be considered in decision whether to award alimony), the transcript establishes that the evidence was not presented to the trial court for this purpose and no objection was made on that basis to the

---

[1] Although appellee Ronnie Jackson, pro se, asks this Court to "grant his requested relief in his brief for the discretionary appeal from the Superior Court's rulings," he filed neither a separate application for discretionary appeal nor a timely notice of cross appeal to Wife's notice of appeal. See OCGA § 5-6-38 (a) (in civil cases, appellee may institute cross appeal by filing notice thereof within 15 days from service of notice of appeal by appellant). Accordingly, his arguments are not properly before this Court.

exclusion of the evidence.[2] Contrary to Wife's claim, the trial court's refusal to allow in-depth testimony by Wife regarding these items was based on the lack of relevancy, not on any erroneous legal theory. See generally *Madaris v. Madaris*, 224 Ga. 577 (1) (163 SE2d 745) (1968) (trial court does not err by refusing to admit testimony irrelevant and outside the pleadings). See also *Bayless v. Bayless*, 280 Ga. 153 (1) (625 SE2d 741) (2006) (trial court charged with the efficient clearing of cases upon its docket); *Atlanta Newspapers v. Grimes*, 216 Ga. 74 (5) (114 SE2d 421) (1960) (trial court's wide discretion in controlling conduct of trial upheld unless wrong or oppression results from its abuse). Moreover, Wife acknowledges that the trial court reviewed her list of "monies sought for reimbursement" that included these two items and the transcript reveals that the trial court at the conclusion of the hearing allowed counsel to argue Wife's entitlement to "everything on that sheet." Thus, Wife has failed to demonstrate that the trial court did not weigh these items when it considered Wife's claim for alimony.[3]

2. Likewise, Wife has failed to demonstrate that the trial court did not weigh these items when it considered her claim for attorney fees pursuant to OCGA § 19-6-2.[4] Accordingly, we find no merit in this enumeration.

3. Wife contends the trial court manifestly abused its discretion in denying her claim for alimony because the evidence showed that Husband abandoned his family, failed to support his minor child and caused the marital house to go into foreclosure. However, there was also evidence before the trial court that Wife initiated the parties' separation; that she was gainfully employed and had been so throughout most of the marriage; that she failed to cooperate with Husband in taking steps that would have resolved or alleviated the financial problems arising out of the parties' separation, especially in regard to the marital home; that Wife had mismanaged marital funds and run

---

[2] The transcript reflects that after Wife's counsel raised the foreclosure's negative effect on the Wife's credit, the trial court commented first that "I just don't see how that has any relevance to anything I can do here. What I can do is divide the marital property and the debts, I can award her some alimony." When counsel then speculated about a shortfall upon foreclosure, the trial court stated that a shortage was "a very remote possibility," and counsel responded that "we'll be happy to move on" to another topic. When counsel later raised the pre-petition child support expenses, the trial court stated, "I wouldn't linger long on that one. . . . I would go onto something else," to which counsel responded, "We're going, Judge."

[3] We find meritless Wife's contention that the trial court's refusal to allow Wife to litigate claims not raised by the pleadings, specifically, her claim to child support expenses incurred prior to the filing of the divorce decree, violated her equal protection rights.

[4] Wife's sole request for attorney fees came within her motion for contempt; the trial court granted that request. The record contains no motion by Wife for attorney fees pursuant to OCGA § 9-15-14 (e). See generally *Glass v. Glover*, 241 Ga. App. 838 (528 SE2d 262) (2000) (strict compliance with statute requires claim for attorney fees be made by motion).

up extravagant bills, e.g., a monthly phone bill for herself and the minor child that exceeded $900; that she failed to take advantage of low-cost health insurance coverage for the couple's minor child provided by Husband's employer; and that she unilaterally sold or otherwise disposed of Husband's share of the couple's personal property. Under these circumstances we cannot conclude that the trial court erred by declining to award Wife any alimony. OCGA §§ 19-6-1 (c), 19-6-5 (a).

4. Wife also contends the trial court erred by denying her claim for attorney fees pursuant to OCGA § 19-6-2. Both parties at trial presented evidence, in addition to that detailed above, regarding their respective financial conditions. In light of that evidence, we find no abuse of the trial court's sound discretion in declining to award attorney fees to Wife. See generally *Johnson v. Johnson*, 260 Ga. 443 (396 SE2d 234) (1990) (purpose of attorney fees is to ensure effective representation of both spouses so all issues can be fully and fairly resolved). Contrary to Wife's argument, Husband's alleged unwillingness to settle the divorce proceedings was irrelevant to the inquiry whether attorney fees should be awarded. *Weaver v. Weaver*, 263 Ga. 56 (428 SE2d 79) (1993). Finally, because the trial court declined to award Wife any attorney fees under OCGA § 19-6-2, Wife cannot show how she was harmed when the trial court issued its ruling before the expiration of the time period the court gave Wife's attorney to submit an affidavit detailing the amount of fees Wife had incurred. See generally *Pearlman v. Pearlman*, 238 Ga. 259 (2) (232 SE2d 542) (1977) (to constitute reversible error, both error and harm must be shown).[5]

5. Wife contends the trial court failed to rule on her second motion for contempt based on Husband's failure to make payments under the temporary support order and to provide health insurance coverage for the minor child. However, Wife testified at trial that Husband was current on his payments and on cross-examination revealed that she had made no inquiries or taken any steps to obtain the low-cost health insurance coverage Husband's employer would have provided for the couple's minor child. As noted above, the trial court made express

---

[5] To the extent Wife's argument implicates an award of attorney fees pursuant to OCGA § 9-15-14, the trial court's final disposition of the divorce proceedings did not preclude consideration of any potential claim by Wife for such fees. See id. at (e) (attorney fees may be requested by motion no later than 45 days after final disposition of action). However, Wife made no such request. In the absence of any pre-trial motion by Wife for attorney fees under OCGA § 9-15-14, Wife cannot show how the trial court erred by failing to consider evidence in support of such a claim at the bench trial. See OCGA § 24-2-1 (irrelevant evidence that does not bear directly or indirectly on the questions being tried should be excluded). See also *Fox-Korucu v. Korucu*, 279 Ga. 769 (1) (621 SE2d 460) (2005) (trial court must conduct evidentiary hearing to award attorney fees pursuant to post-trial motion under OCGA § 9-15-14).

provisions in the final decree requiring Husband to fulfill the obligations he had accrued under the temporary support order. We thus find no reversible error in the trial court's failure to rule expressly on Wife's second motion for contempt. See generally id.

6. Finally, because the transcript reveals that Wife repeatedly testified that the parties' home had been foreclosed upon[6] and merely speculated, without adducing any evidence, that a shortage might exist for which she might be held responsible, Wife cannot now complain that the trial court erred by failing to address the marital residence in its final order. See *Dyals v. Dyals*, 281 Ga. 894 (644 SE2d 138) (2007) (party cannot complain of error induced by own conduct); see generally *Song v. Brown*, 255 Ga. App. 562, 564 (565 SE2d 884) (2002) (plaintiff has burden to prove damages in manner sufficient to allow court to "estimate them with reasonable certainty free from 'speculation, conjecture and guesswork' ").

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 24, 2007.

*Nathania Stewart*, for appellant.

Ronnie B. Jackson, *pro se*.

---

[6] For example, Wife offered no information to the contrary when the trial court asked her, "Isn't the house gone?"