In the Supreme Court of Georgia

Decided: October 5, 2015

S15F1254. MCLENDON v. MCLENDON.

MELTON, Justice.

Following the trial court's denial of her motion for a new trial regarding her divorce from Jason McLendon (Husband), Amanda McLendon (Wife) filed an application for discretionary appeal. Pursuant to Supreme Court Rule 34, we granted Wife's application and posed the following questions: (1) Did the trial court commit reversible error in its determinations on custody, child support, or any other issue addressed in the parties' Final Judgment and Decree of Divorce?;  (2) Did the trial court err in awarding attorney fees under OCGA § 9-15-14 (b), where it actually granted part of the relief sought in Wife's motion for new trial/motion for reconsideration? For the reasons set forth below, we affirm.

1. The record shows that Wife and Husband were divorced by a final decree entered in May of 2013. The parties have one minor child, and the decree

awards primary physical custody to Husband, with joint legal custody. Wife has visitation every other weekend and on some weeknights. During the summer months, Wife has primary custody, and Husband has visitation rights. Wife is required to pay Husband $940.89 per month during the school year, and, in the summer, no child support is paid by either party. Following entry of the decree, Wife filed a motion for new trial and/or motion for reconsideration. In her written motion, Wife raised issues regarding custody. During the hearing on Wife's motion, she orally raised issues regarding items of personal property she had left in Husband's home and certain issues with the parenting plan. In response, the trial court issued an order denying Wife's motion with regard to custody and a supplemental order modifying the property division and parenting plan. Also, pursuant to OCGA 9-15-14 (b), the trial court awarded approximately $4,000 in attorney fees to Husband, finding that the motion for new trial was brought, at least in part, for purposes of delay. Wife now challenges these rulings.

2. Wife contends that the trial court erred by abating the child support obligation of both parents during summer months without complying with OCGA §19-6-15 (c) (2) (E). A review of the record, however, shows that Wife

2

has waived this claim for purposes of appeal.

It is well-settled that "a motion for new trial, but not a motion to set aside, is a proper means by which the movant can complain of the trial court's failure to comply with the child support guidelines in OCGA § 19–6–15, including the failure to make findings required thereby." (Citation omitted.) Kuriatnyk v. Kuriatnyk, 286 Ga. 589, 591 (2) (690 SE2d 397) (2010). In this case, however, Wife did not raise any claim regarding the deviation in her motion for new trial, and the trial court did not reach this issue in either of its two orders on Wife's motion for new trial. As a result, Wife has waived our review of this issue. McCarthy v. Ashment-McCarthy, 295 Ga. 231 (2) (758 SE2d 306) (2014).

3. Wife argues that the trial court failed to appropriately consider the best interests of the parties' minor child when it awarded primary custody to Husband. Specifically, Wife contends that the trial court based its determination solely on its desire to punish Wife for an act of adultery. The record belies this contention.

As an initial matter, it must be emphasized that,

[w]here the trial court has exercised its discretion and awarded custody of children to one fit parent over the other fit parent, this Court will not interfere with that decision unless the evidence

3

shows the trial court clearly abused its discretion. <u>Urquhart v. Urquhart</u>, 272 Ga. 548 (1) (533 SE2d 80) (2000). Where there is any evidence to support the decision of the trial court, this Court cannot say there was an abuse of discretion. <u>Jackson v. Jackson</u>, 230 Ga. 499, 500 (197 SE2d 705) (1973).

<u>Welch v. Welch</u>, 277 Ga. 808, 809 (596 SE2d 134) (2004).

A review of the trial court's orders in this matter indicate that it was guided by a consideration of the best interests of the parties' minor child. The trial court found that Wife lacked credibility in her description of her relationship with the child and that she had made a series of poor judgments that adversely affected her relationship with the child. Contrary to Wife's arguments, it is evident that the trial court carefully weighed the evidence in making a custody decision and it was not merely motivated to punish Wife.

4. Wife contends that the trial court erred by awarding attorney fees to Husband, maintaining that, because the trial court granted some of Wife's requested relief, the award of any fees was inappropriate. We disagree.

OCGA § 9-15-14 (b) provides:

The court may assess reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, *or any part thereof*, that lacked substantial justification or that the action, *or any part*

4

*thereof*, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

(Emphasis supplied.)

A review of the record shows that, at the hearing on Wife's motion for new trial, issues were raised that were not included in Wife's motion. Specifically, the parties requested that changes be made to the parenting plan and that Wife be awarded additional items of personal property such as cookbooks and small appliances from the marital home. The trial court ultimately granted these requests. With regard to the arguments raised in the written motion for new trial, however, the trial court determined that they lacked substantial justification and were interposed, at least in part, to delay the payment of child support and other sums. The claims which formed the basis for the trial court's award of fees, therefore, were entirely separate from the later claims on which Wife was granted some relief by the trial court. On this basis, the trial court properly imposed fees in line with the statute.

Contrary to Wife's contentions, this case is distinguishable from Fox-

5

<u>Korucu v. Korucu</u>, 279 Ga. 769, 770 (2) (621 SE2d 460) (2005). In that case, we found that the wife

> filed a single two-page brief requesting a new trial, or, in the alternative, reconsideration of the final judgment. The unsuccessful portion of the motion asking for a new trial could not have caused significantly more "unnecessary expense" to husband than that which resulted from the successful portion of the motion asking for reconsideration of the final judgment. It is illogical to hold that a motion for a new trial is frivolous while simultaneously granting a motion for reconsideration posing similar arguments.

Id. In this case, by contrast, the trial court found that the entirety of Wife's written motion lacked substantial justification, and it noted that the filing of this motion engendered an "email war" between the parties that took up substantial time and generated large attorney fees.[1] The trial court did not abuse its discretion in awarding attorney fees to Husband.

5. In several additional enumerations, Wife: (a) challenges a portion of the decree which requires the parties to file separate federal tax returns in 2012; (b) argues that there was no evidence supporting a finding that she agreed that certain mortgage payments would not be dischargeable in bankruptcy; and (c)

---

[1] The trial court recognized that, to an extent, this email battle was the fault of both parties, and, accordingly, it reduced the amount of fees requested by Husband a significant amount.

contends that the decree is too vague to enforce. The record shows, however, that Wife raised none of these issues in her written motion for new trial. Wife also failed to raise any of these arguments at the hearing on the motion for new trial, despite the fact that the trial court considered additional arguments by Wife at that time.[2] Under these circumstances, Wife has waived the right to raise these contentions for the first time on appeal. See McCarthy, supra at 233 (2). In any event, Wife's contentions appear to lack any merit, and to the extent that she questions the details of her obligations under the agreement, she may file a motion for clarification with the trial court.

Judgment affirmed. All the Justices concur.

---

[2] The record indicates that, prior to the issuance of the decree, Wife never responded to a request by the trial court to review the property division. Even so, the trial court allowed Wife to take issue with it at the hearing on the motion for new trial.