## A05A1477. BAY MEADOW CORPORATION v. HART.
### (622 SE2d 478)

RUFFIN, Chief Judge.

Bay Meadow Corporation sued Orean Hart for specific performance of a contract provision regarding a right of first refusal to purchase land.[1] By order dated November 8, 2001, the trial court found that the contract provision was unenforceable. Over a year later, Bay Meadow purported to amend its complaint. Following a hearing, the trial court clarified that its November 2001 order "was intended to be, and was[,] a final judgment on the merits of the case." Accordingly, the trial court entered judgment in favor of Ms. Hart, and this appeal ensued. For reasons that follow, we affirm.

The relevant facts show that Hart owned Pigeon Oaks Subdivision, and in October 1999 she sold 16 lots to Bay Meadow. The contract between the parties contained a clause, which provided that Bay Meadow "is also granted the right of first refusal on all future lots created by any other phases of Pigeon Oaks Subdivision at such purchase price as is mutually agreed upon by both Sellers and Purchaser."

In July 2001, Hart considered selling a portion of the property to Jimmy Carroll, a neighboring landowner. Prior to selling the property to Carroll, Hart had her attorney contact Bay Meadow to ascertain whether it was interested in purchasing the property. Thus, on July 10, 2001, the attorney sent a letter to Harold Hagan, Bay Meadow's sole stockholder, asking if he wanted to purchase the property for $2,750 per acre. The letter informed Hagan that, if he did not respond within ten days, the Harts would proceed with the sale to Carroll.

On July 19, Hagan faxed a letter to Hart's attorney, stating that he "wish[ed] to exercise [his] right of first refusal in obtaining the remaining portions of Pigeon Oaks Subdivision." Hart then responded with a list of "minor issues that need to be resolved prior to finalizing [the] sale." One such issue was that Hart wanted Bay Meadow to agree not to bring mobile homes into the subdivision. Bay Meadow was unwilling to agree to the new conditions, and Hagan sent a letter to Hart stating that "[n]one of [the new conditions] were contemplated or discussed at the time we entered into the original Purchase Agreement."

Bay Meadow then filed suit seeking specific performance of the right of first refusal contained in the purchase agreement. Bay Meadow also sought an injunction to prevent Hart from selling or

---

[1] Although Orean Hart's husband, Ralph, was also a party to the sales contract, Bay Meadow filed suit solely against Orean Hart, who owned the property.

otherwise encumbering the property pending resolution of the dispute. The trial court conducted a hearing.[2] On November 8, 2001, the trial court issued an order in which it found the right of first refusal unenforceable as a matter of law. Bay Meadow did not appeal this ruling. However, in May 2003, Bay Meadow filed an amended complaint. According to Bay Meadow, the complaint could be amended because the trial court's November 2001 order was not final. In the amended complaint, Bay Meadow alleged that the July 10, 2001 letter to Hagan constituted an offer to sell the property, which Bay Meadow accepted. Thus, Bay Meadow argues that, independent of the contractual right of first refusal, the parties' exchange of letters constituted a separate contract for the sale of the land.

After receiving the amended complaint, the trial court conducted a second hearing, after which it issued an order clarifying that its prior order was, in fact, final. In the alternative, the trial court found that no new contract was formed by the exchange of letters and, even if a contract resulted, it had lapsed. Accordingly, the trial court entered judgment in favor of Hart, and Bay Meadow appeals.

1. Bay Meadow contends that the trial court erred in characterizing its prior order as final. "A judgment is final when it disposes of the entire controversy, leaving nothing for the trial court to do in the case. The effect of a judicial act and not the trial court's characterization of it determines whether it is a final judgment."[3] Here, the initial complaint filed by Bay Meadow contained only a claim for specific performance of the right of first refusal in the sales contract. There is nothing in the complaint that can be construed as alleging a separate contract action based upon the exchange of letters. And "[a] complaint must set forth the intended theory of recovery because there can be no recovery on a theory not alleged."[4] Accordingly, once the trial court ruled that the right of first refusal was unenforceable as a matter of law, it disposed of the entire controversy.

We recognize that issues not raised by the pleadings may nonetheless be tried by express or implied consent of the parties.[5] Thus, it is possible that Bay Meadow raised the additional contract claim at the hearing.[6] But as we do not have the transcript from that hearing,

---

[2] We do not have the transcript from this hearing, which Hart characterizes as a "bench trial" and Bay Meadow characterizes as a "preliminary hearing."

[3] (Citation and punctuation omitted.) *Atlanta J's, Inc. v. Houston Foods*, 237 Ga. App. 415, 418 (2) (514 SE2d 216) (1999).

[4] (Punctuation and footnote omitted.) *Ingraham v. Marr*, 246 Ga. App. 445, 446 (1) (540 SE2d 652) (2000).

[5] See OCGA § 9-11-15 (b).

[6] Bay Meadow asserts that, at the first hearing, "the parties requested that the trial court only determine the enforceability of the 'right of first refusal' contained in the October 22, 1999 Agreement of Sale." Implicit in this assertion is the suggestion that the other contract issues

there is nothing in the record to support such conclusion.[7] "Where the transcript is necessary for review and appellant omits it from the record on appeal, the appellate court must assume the judgment below was correct and affirm."[8] Here, the trial court specifically found that its November 2001 order "was dispositive of all the issues raised." Given the absence of a transcript demonstrating that additional issues were raised, we must presume the order is accurate and affirm.

2. In view of our holding in Division 1, we need not address Bay Meadow's remaining enumerations of error.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 28, 2005.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Charles G. Newbern, Edward F. Preston*, for appellant.

*Langdale & Vallotton, William P. Langdale, Jr., Robert A. Plumb, Jr., David F. Sandbach, Jr.*, for appellee.

---

were before the trial court, but the parties sought resolution of only the one issue.

[7] We do not have the transcript from the first hearing, and it appears no such transcript was filed with the superior court.

[8] (Citation and punctuation omitted.) *Baker v. Brannen/Goddard Co.*, 274 Ga. 745, 747 (1) (559 SE2d 450) (2002).