S07F0366. DYALS v. DYALS.
(644 SE2d 138)

MELTON, Justice.

Christopher Dyals (Husband) and Kimberly Dyals (Wife), who have two minor children, were divorced in 2006. At the time of the divorce, Husband owned two landscaping businesses and worked for the Gwinnett County Sheriff's Department. The final judgment and decree of divorce ordered Husband to pay $1,375 per child per month in child support, based on the jury's determination that Husband's monthly gross income was $5,000, and based on the determination

that special circumstances existed that justified an upward modification of the child support presumed to be appropriate under the then applicable version of OCGA § 19-6-15.[1] Husband appeals from the denial of his motion for new trial, and we affirm.

1. Husband contends that there was insufficient evidence to support the jury's determination that his monthly gross income was $5,000, arguing that bank statements alone could not provide a sufficient basis for the jury to reach any accurate conclusion regarding the income generated by his two landscaping businesses. The record reveals, however, that, in addition to the bank statements, the jury also considered (1) Husband's deposition testimony indicating that the combined income of his two landscaping businesses was between $90,000 and $110,000 in 2004; (2) Husband's admission at trial that his first landscaping business was making $60,000 in 2004; and (3) Husband's admission that his second landscaping business was projected to make him an additional $60,000 a year at the time that he purchased it. Although Husband testified that his monthly salary from the Sheriff's Department was only $3,000, the jury could conclude from his remaining deposition and trial testimony that the landscaping businesses were in fact producing sufficient income to make his total monthly income at least $5,000. Because some evidence of record supports the jury's findings, the verdict will not be disturbed here. *Maddox v. Maddox*, 278 Ga. 606, 607 (1) (604 SE2d 784) (2004).

2. Husband contends that the verdict was erroneous because the jury, using the guidelines of the former version of OCGA § 19-6-15, incorrectly calculated the appropriate level of child support, which resulted in an excessive award to Wife. However, the jury made specific findings of special circumstances to justify an upward modification of child support to $1,375 per child per month. See former OCGA § 19-6-15 (b) (5) (presumed appropriate amount of child support for two children is 23 to 28 percent of obligor's gross income per pay period) and § 19-6-15 (c) (trier of fact shall vary child support award upwards or downwards upon written finding of special circumstances). These special circumstances included extraordinary medical costs for one of the children (who was disabled), educational costs, suppression of income by Husband, historical spending on the children, Wife's limited income, and the cost of insurance for the children. Based on these specific findings, the jury properly applied an upward modification from the presumed amount of adequate child support. See former OCGA § 19-6-15 (c).

---

[1] OCGA § 19-6-15 was later amended. See 2006 Ga. L. 583.

3. Husband asserts that it was inappropriate for his landscaping businesses' bank statements, containing occasional circles and highlights made by Wife's counsel, to go out with the jury because the markings constituted a continuing argument of counsel. The record reveals, however, that Wife's counsel removed the objectionable pages from the exhibit, and that Husband's counsel approved of the remaining pages of the exhibit before allowing them to go out with the jury. Thus, to the extent that any error could have resulted from the marks or highlights that were on the remaining pages that were ultimately sent out with the jury, Husband's counsel induced such error by approving the pages, and he will not be heard to complain of the results here. See *Crozier v. State*, 263 Ga. 866, 868 (3) (440 SE2d 635) (1994) ("appellant cannot complain of error induced by his conduct") (citation omitted); *Hopkins v. State*, 283 Ga. App. 654, 658 (3) (642 SE2d 356) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2007.

*Rowen & Klonoski, Sharon L. Rowen*, for appellant.
*Thomas L. Williams, Sharon L. Hopkins*, for appellee.