## S10A0339. MCBRIDE v. MURRAY.
(694 SE2d 99)

MELTON, Justice.

Following the dismissal of her second amended complaint for damages resulting from an alleged improper termination, Vera McBride appeals, arguing that (1) following her termination as a Juvenile Correctional Officer at the Georgia Department of Juvenile Justice (DJJ), she never received a proper name-clearing hearing

conducted by Albert Murray, the Commissioner of the DJJ, and (2) since no final judgment from a proper name-clearing hearing has been entered in her case, her second amended complaint is timely filed. Because the record shows that McBride was given the name-clearing hearing she requested with a final resolution she accepted, we find no error and affirm the dismissal of her second amended complaint.

In June 2003, McBride was terminated from her position as a Juvenile Correctional Officer by the DJJ following allegations that she was involved in misconduct with some of the inmates. McBride wrote letters to the Commissioner's designee contesting her termination; however, her termination was finalized on June 21, 2003. McBride filed a petition for a writ of mandamus on August 31, 2004, requesting, among other things, a name-clearing hearing.

A hearing on McBride's mandamus action was conducted by the trial court on February 17, 2005. At this mandamus hearing, after the DJJ asked whether the name-clearing hearing could be conducted by the DJJ in front of the Commissioner's designee, McBride interjected and asked the trial court to preside over the hearing, stating: "we would prefer, if your Honor is willing to hold it, that your Honor hold it." In addition, McBride agreed that the name-clearing hearing would be conducted pursuant to applicable federal case law.

The order issued by the trial court on March 30, 2005 granting McBride's mandamus request reflects the agreements made at the hearing. The order provides that the trial court will preside over a name-clearing hearing governed by established federal law.[1] See *Board of Regents v. Roth*, 408 U. S. 564 (92 SC 2701, 33 LE2d 548) (1972); see *Campbell v. Pierce County*, 741 F2d 1342, 1345 (III) (B) (11th Cir. 1984) (quoting *Memphis Light, Gas & Water Division v. Craft*, 436 U. S. 1, 16 (98 SC 1554, 56 LE2d 30) (1978)) (finding that in order to satisfy due process with respect to a name-clearing hearing, "courts have required only that the claimant be accorded notice of the charges against him and an opportunity 'to support his allegations by argument however brief, and, if need be, by proof, however informal' "). McBride neither filed a motion for reconsideration of this order nor did she appeal it.

The name-clearing hearing requested by McBride took place on March 6, 2007. Again, the DJJ objected to the hearing being conducted by the trial court, but McBride did not and chose to proceed before the trial court. At the name-clearing hearing, McBride was allowed to

---

[1] The order indicates that, at that time, the DJJ lacked any standard procedure for conducting a name-clearing hearing.

present evidence to support her contention that she had not committed the misconduct for which she had been fired. At the conclusion of the hearing, the DJJ asked the trial court to "make no ruling other than the fact that Ms. McBride has had her name-clearing hearing." The trial court then asked McBride to respond to this request, and she replied: "No response, your Honor." At that point, the trial court strongly questioned the validity of the charges supporting McBride's termination, but the trial court stated: "I am not going to make a ruling. I don't believe that [pursuant to federal law] it's incumbent upon me to do so. But the name-clearing hearing has been held." McBride made no objection to this procedure and merely stated: "Thank you, your Honor."

Following the hearing, McBride filed a motion for attorney fees pursuant to OCGA § 9-15-14. In this motion, McBride recited: "This motion is brought within 45 (forty-five) days of this Court's holding of a name clearing hearing caused by the wrongful action of [the DJJ] in failing to provide such a forum as a matter of law. That hearing constituted the final disposition of [this] action." The motion for attorney fees was denied on May 30, 2007.

Almost two years later, McBride filed a second amended complaint on April 9, 2009, again claiming a denial of her due process rights based on the DJJ's failure to hold a proper name-clearing, and requesting reputational damages stemming from her improper termination and the failure to allow her to clear her name.[2] The trial court dismissed McBride's complaint because the name-clearing hearing was conducted in a manner consistent with federal law and it constituted a final judgment on this action. Therefore, because a final judgment on McBride's first amended complaint had been entered, her lawsuit had been completed and could not be further amended. See *Bay Meadow Corp. v. Hart*, 276 Ga. App. 133 (1) (622 SE2d 478) (2005).

The trial court's dismissal of McBride's second amended complaint was proper. Although McBride contends that she never received a proper name-clearing hearing, the record shows that she, in fact, got exactly the type of hearing she ultimately requested. McBride asked that the name-clearing hearing be conducted by the trial court and not by the DJJ in the hearing regarding the writ of mandamus. The March 30, 2005 order reflected McBride's request,

---

[2] The first amended complaint was brought on September 2, 2005 adding a claim under 42 USC § 1983 alleging a violation of McBride's procedural right to due process based on a liberty interest. On October 3, 2005, the case was removed to the United States District Court. On October 6, 2005 the DJJ filed a motion to dismiss which was granted on March 17, 2006 with regards to the § 1983 claim, but the state law claim for the name-clearing hearing was remanded to the trial court.

and she did not appeal the order. As a result, McBride has waived any right to appeal her contentions that the location and the procedure of the hearing were improper. Even if there were error, McBride induced it, and a party cannot complain of error induced by her own actions. *Dyals v. Dyals*, 281 Ga. 894 (3) (644 SE2d 138) (2007). Additionally, McBride has waived her right to contend that the hearing conducted in the manner she requested did not constitute a final order of and an end to her case. Id. This is evidenced by McBride's own request for attorney fees following the March 6, 2007 hearing in which she stated that the name-clearing hearing "constituted the final disposition of [this] action."

To the extent that McBride further alleges that the name-clearing hearing was not final because no ruling was ever made, she is again barred from making this claim because she acquiesced to the procedure for the hearing. The process for the hearing was laid out in the March 30, 2005 order, which McBride did not appeal. In addition, McBride did not object to the trial court's decision that no ruling of guilt or innocence was required at the name-clearing hearing despite having had an opportunity to do so. A "litigant cannot submit to a ruling, acquiesce in the rule, and still complain of [the] same." (Citation, punctuation and footnote omitted.) *Plaza Properties v. Prime Business Investments*, 273 Ga. 97, 100 (538 SE2d 51) (2000). Not only did McBride acquiesce to the procedures of the hearing, the name-clearing itself was in line with McBride's own requests. Consequently, this case is closed, and McBride is precluded from amending her complaint. *Bay Meadow*, supra.

Even if McBride did not waive her right to bring the complaint, a proper name-clearing hearing was conducted in accordance with federal law. The purpose of a name-clearing hearing is to give the employee "an opportunity to present his side of the story." See *Harrison v. Wille*, 132 F3d 679, 684 (11th Cir. 1998). All that is required to satisfy due process is a hearing accompanied by notice. Id. The record reflects that a name-clearing hearing was conducted in this manner. McBride had the opportunity to present any evidence to support her contention and clear her name. Therefore, this case has been adjudicated below.

For all the reasons given above, the trial court did not err by dismissing McBride's second amended complaint.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 15, 2010 —
RECONSIDERATION DENIED APRIL 12, 2010.

*David E. Betts*, for appellant.

*Thurbert E. Baker, Attorney General, Annette M. Cowart, Senior Assistant Attorney General,* for appellee.