# Court of Appeals
# of the State of Georgia

ATLANTA,  January 11, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0867.  JAMES BARROW HOLLOWAY, SR. v. KENNETH B. HODGES, III.**

In August 2016, plaintiffs Geoffrey L. Gray and Griffin Stephen Stocks, III, filed a complaint seeking various forms of equitable relief, including the appointment of a receiver for two defendant corporations.  The trial court appointed a receiver, who apparently functioned in that role for approximately one year.  In August 2017, the trial court entered an order discharging the receiver and granting his application for payment.  Defendant James Barrow Holloway, Sr. has filed a notice of appeal from that order.  We lack jurisdiction at this juncture.

A judgment is final and directly appealable "when it disposes of the entire controversy, leaving nothing for the trial court to do in the case." *Bay Meadow Corp. v. Hart*, 276 Ga. App. 133, 134 (1) (622 SE2d 478) (2005); see also OCGA § 5-6-34 (a) (1) (a judgment is final "where the case is no longer pending in the court below"). Here, the order on appeal provided that the parties had 30 days to file objections to the receiver's invoices and that the receiver should retain certain funds from the receivership estate "to defend any objections to the discharge or associated with the wind down of the Receivership pending further order of this Court."  Because the order contemplated further action by both the parties and the Court, it was not final. To appeal the order, Holloway was required to comply with the interlocutory appeal procedures in OCGA § 5-6-34 (b).  His failure to do so deprives us of jurisdiction to

consider this direct appeal, which is hereby DISMISSED.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  01/11/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[1] In his notice of appeal, Holloway asserts that we have jurisdiction under OCGA § 5-6-34 (a) (4), which provides for a right of direct appeal from "[a]ll judgments or orders granting or refusing applications for receivers . . ." The order on appeal, however, did not grant or refuse an application for a receiver; it discharged a previously-appointed receiver. Thus, OCGA § 5-6-34 (a) (4) does not apply here.