# Court of Appeals
# of the State of Georgia

ATLANTA,  March 18, 2020

*The Court of Appeals hereby passes the following order:*

## A20A1537.  CITY OF COLLEGE PARK v. CLAYTON COUNTY, GEORGIA et al.

This case concerns an ongoing dispute between the City of College Park and Clayton County regarding the collection of taxes on alcoholic beverages sold at Hartsfield-Jackson Atlanta International Airport. See generally *City of College Park v. Clayton County*, 306 Ga. 301 (830 SE2d 179) (2019). The trial court ordered the City and County to interplead their claims and the defendant tax payers to pay taxes into the court registry until a final judicial determination can be made as to the City and County's respective rights concerning the collection and division of taxes. The City has filed a direct appeal from the trial court's order, and the defendant tax payers have filed a motion to dismiss. We lack jurisdiction.

A judgment is final and directly appealable "when it disposes of the entire controversy, leaving nothing for the trial court to do in the case." *Bay Meadow Corp. v. Hart*, 276 Ga. App. 133, 134 (1) (622 SE2d 478) (2005) (punctuation omitted); see OCGA § 5-6-34 (a) (1) (providing that a judgment is final "where the case is no longer pending in the court below"). Here, the trial court's order is not final but is intended to protect and preserve the status quo pending final resolution of the dispute. Under these circumstances, the City was required to comply with the interlocutory appeal procedures in OCGA § 5-6-34 (b). Its failure to do so deprives us of jurisdiction to consider this appeal.

Contrary to the argument set forth in the City's notice of appeal, the trial court's interpleader order is not a collateral order. The collateral order exception permits review of non-final orders that "conclusively determine the disputed question,

resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay*, 437 U. S. 463, 468-469 (I) (98 SCt 2451, 57 LE2d 351) (1977); *Rivera v. Washington*, 298 Ga. 770, 774 (784 SE2d 775) (2016) (describing collateral orders as "effectively final in that they finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"). Here, the interpleader order is not "wholly unrelated to the basic issues to be decided" in this action. *Fulton County v. State*, 282 Ga. 570, 571 (1) (651 SE2d 679) (2007). Rather, the order is inextricably intertwined with the merits of the action: the determination of which party is entitled to the interpleaded funds.

For these reasons, the defendant tax payers' motion is hereby GRANTED and the City's appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  03/18/2020

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Stephen E. Castlen*  , *Clerk.*